THE PEOPLE, *ex rel.* THE COMMISSIONERS FOR THE ERECTION
OF A PUBLIC MARKET IN THE CITY OF NEW YORK, *v.* THE
COMMON COUNCIL OF THE CITY OF NEW YORK.

The act in relation to a public market in the city of New York (Laws, 1865,
ch. 120), imposed a duty upon the mayor, aldermen and commonalty of the
city to create a public fund or stock, to be denominated "market stock."

Where a legal duty is imposed by law upon a municipal corporation, and a
mandamus is required to enforce the performance of such duty, the writ lies
to the person or body whose legal duty it is to perform the required act;
that is, the writ lies against the body upon whom the duty of putting the
necessary machinery in motion is imposed.

*Mandamus* against the common council of the city of New York, commanding
them to proceed according to the requirements of the law of 1865 (ch. 120),
to create a public fund or stock, to be denominated "market stock" — sus-
tained.

APPEAL from order of the General Term of the Supreme
Court, affirming an order granting a peremptory writ of
mandamus.

In March, 1865, the legislature passed an act entitled, " An
act in relation to a public market in the city of New York."
(Laws of 1865, ch. 120.) The act named and appointed
certain persons as commissioners for the erection of a public
market, in the eighteenth ward of the city, who were to
continue in office until the market was completed, and ready
for occupation; directed upon what site the commissioners
should cause the market to be erected, and provided that
they should have the same fully completed, and ready for
occupation, within one year from and after the passage of the
act. The act also prescribed, with particularity, the duties
and powers of the commissioners in preparing and deter-
mining upon plans for the market, &c., and provided for
keeping minutes of their proceedings, to be filed with the
clerk of the common council of the city. The 5th and 6th
sections of the act were as follows:

" § 5. The mayor, aldermen and commonalty of the city
of New York are hereby authorized and directed to create
a public fund or stock, to be denominated 'market stock,'

for the amount of seventy-five thousand dollars, which stock shall bear date the 11th day of May, 1865, and shall bear interest at and after the rate of seven per cent per annum, payable semi-annually, and be redeemable on the 1st day of May, 1894; the said mayor, aldermen and commonalty being hereby authorized and directed to pledge the faith of the city and county, and the same is hereby specifically pledged, for the redemption of the said stock, and the several parts thereof, when the same shall become due and redeemable under the provisions of this section, by tax upon the estates, real and personal, in the city of New York, subject to taxation.

"§ 6. The comptroller of said city of New York shall, within thirty days after being required, in writing, by said commissioners, so to do, prepare and issue the said stock, specified in the preceding section, for the full amount of seventy-five thousand dollars, and offer the same for sale, such offer to be advertised in not less than three newspapers, published in the city of New York, of the largest circulation, and continued for not less than twenty, nor for more than thirty days, at the expiration of which time said stock shall be awarded to the highest bidder therefor, and the proceeds thereof forthwith deposited with the chamberlain of the said city of New York, to the credit of the commissioners appointed under this act. The said comptroller shall determine what shall be the nominal amount or value of said stock per share, and of what number of shares the same shall consist, but he shall not be authorized to issue, sell or dispose of any of the same at a less rate than its par value."

Soon after the passage of the act, the commissioners named therein entered upon the performance of their duties. They took possession of the ground mentioned in the act for the site of the market, determined the plans for it, had proper plans prepared and ready for examination, advertised for proposals for the erection of the building and work, and otherwise incurred expenses in and about the performance of their duties as commissioners, and in carrying out the provisions of the act.

On the 22d of May, 1865, the commissioners addressed a communication to the common council of the city, at a stated session of both boards, calling the attention of that body, specially, to the 5th section of the act, and requesting the common council to make the necessary provision for the "market stock," as provided for therein. In the board of aldermen, the communication was referred to the committee on ordinances, and in the board of councilmen, to the committee on finance; and was entered, at large, in the minutes of the two boards. The committee on ordinances, in the board of aldermen, reported an ordinance in June, 1865, creating said "market stock," and recommended the adoption of the same. On the 29th of June, the report and recommendation were called up in the regular order of proceedings, but the proposed ordinance was declared to have been lost or mislaid and could not be found; and a motion was made to refer the matter to the committee on markets, which was lost, and it was again referred to the committee on ordinances; and, from that time, no action whatever was taken in the matter by the board of aldermen. In the board of councilmen, no action whatever was ever taken, further than referring the subject to the committee on finance, which committee, as late as October, had made no report.

In the month of May, the commissioners also called upon the mayor of the city, and pointed out to him the requirements of the act, and urged that the mayor, aldermen and commonalty of the city comply with the terms and provisions of the same; but the mayor took no official action in respect thereto.

In October, 1865, on an affidavit of one of the commissioners, setting forth the above facts, and, further, that members of the two boards of the common council have declared it to be the intention of said boards not to provide for the issuing of the stock, as required by the act, and that the commission was hindered and delayed in the execution of its trust in the construction of said market by the neglect and refusal of "the mayor, aldermen and commonalty of the city of New York" to create said "market stock," an order was made to

show cause, at a Special Term of the Supreme Court, why a peremptory writ of mandamus should not issue out of said court, directing and commanding the common council of the city of New York to enact an ordinance providing for the creation of this fund or stock, as mentioned in the 5th section of the act entitled, " An act in relation to a public market in the city of New York."

At a Special Term of the Supreme Court held in and for the city and county of New York, in November, 1865, after hearing counsel for the relators in support of the application for the writ, and counsel for the common council, and seventeen individual members thereof, in opposition thereto ; and, on due proof of service of the orders to show cause and affidavits on all the members of the common council who did not appear, it was ordered, that a mandamus issue out of and under the seal of this court, directed to the said common council of the city of New York, and to each and every member thereof, and commanding them, forthwith, to enact an ordinance, creating a public fund or stock, to be denominated market stock, for the amount of seventy-five thousand dollars, which said stock shall bear date the 1st day of May, 1865, and shall bear interest on and after the rate of seven per cent per annum, payable semi-annually, and be redeemable on the 1st day of May, 1894, and otherwise, in pursuance of the provisions of said act, entitled, " An act in relation to a public market in the city of New York," passed March 15th, 1865, and that the relators have their costs and disbursements against the respondents, &c.

The defendants, the common council of the city of New York, appealed from this order to the General Term, where the same was affirmed ; and they now appeal to this court.

*Richard O'Gorman,* for the appellants.

*Cephas Brainard* and *James S. Stearns,* for the relators.

WRIGHT, J. The appellants urge a reversal of the order in question on two grounds : 1st. That no action on the part of the common council is requisite or necessary to the

creation of the stock; the act itself, as is alleged, in terms, providing for and creating it; and 2d. That the common council owe no duty to the relators, because, by the language of the act, the duty of creating the fund or stock is imposed upon the corporation, and not upon the common council, whose members are merely the agents and servants of the corporation. In my opinion, neither of these objections has scarcely the merit of plausibility. In the one, it is urged, in substance, that the legislature has *created* the stock, and all the commissioners have to do is to demand of the comptroller a compliance with the requirements of the sixth section of the act, which makes it his duty to issue the stock within thirty days after the same is demanded by the commissioners; and, in the other, that the duty of *creating* the stock is imposed upon the corporation, and the writ of mandamus should have been directed to that body, and not to the common council, which is only one of its constituent parts.

1. There is no color for any argument that this is a legislative enactment creating stock, and that all the commissioners have to do is to demand of the comptroller to issue it. The language of the fifth section of the statute is: "The mayor, aldermen and commonalty of the city of New York are hereby authorized and directed to create a public fund or stock, to be denominated 'market stock,' for the amount of seventy-five thousand dollars," &c. This is a legislative mandate to the corporation, to create the stock (the legislature not assuming to create it); and it is the stock thus created that the comptroller is to issue, on the requirement of the commissioners; a stock created as indicated in the section, and not by an act of the legislature. It is plain, upon a mere reading of the sixth section, that the comptroller cannot act until the stock has been created as provided in the fifth section of the act. It is the stock mentioned in the fifth section, and none other, that he is to issue; and it would be a fatal answer to an application for a *mandamus* against the comptroller, that there had been no stock as yet created under that section. In short, there is no mistaking the intent and meaning of the enactment. The duty is imposed upon

"the mayor, aldermen and commonalty, of the city of New York," that is, the municipal corporation, to create a public fund or stock, to be denominated "market stock," and, after the fund or stock has been thus created, and not till then, on requisition of the market commission, the comptroller is to prepare and issue it, and offer it for sale; sell it to the highest bidder (but not at a rate less than its par value), and forthwith deposit the proceeds with the chamberlain of the city, to the credit of the market commissioners.

2. As to the objection that the common council owe no duty to the relators. It is based on the ground that the statute, in language, imposes the duty to create the stock upon "the mayor, aldermen and commonalty of the city of New York," that is, the municipal corporation, and not upon the common council. This *objection is equally groundless* with that which has been considered. The rule is well established that the writ lies to the person or the body whose *legal duty it is to perform the required act; as where a corpora-* tion is required by law to do a particular act, the *mandamus* is addressed to that organ of the corporation which is to perform it. In the language of some of the cases, the writ lies against the body upon whom the duty of "putting the necessary machinery in motion" is imposed. The common council is the only organ of the corporation of the city of New York, which can create the stock under the statute. It must be done by an ordinance, and that can only be enacted by the legislative department, viz.: the common council. (City Charter, Laws of 1857, vol. 1, p. 874.)

The order of the Supreme Court should be affirmed.

All the judges concurring,.

Order affirmed.