### The City of Houston v. Thomas Emery's Sons.
#### No. 2870.

1. **Citation and Service Against City.**—Suit was brought against the city of Houston upon certain over due coupons for interest on bonds of the city. The petition alleged that David C. Smith was mayor and George R. Bringhurst secretary and treasurer of the defendant corporation. The citation directed the corporation to be cited, stated who were the mayor and aldermen and directed them also to be cited. The sheriff's return upon the citation shows that it was served by delivering to said David C. Smith a true copy of the citation, and also to the parties named in the citation as aldermen. *Held,* that thereby the municipal corporation was before the court, which thus obtained power to render judgment for the amount due, and to award the necessary process to enforce the judgment.

2. **Same.**—That the aldermen were not named in the petition, but were in the citation, is of no importance.

3. **Process to Enforce Judgment.**—In addition to the judgment for the amount due, the court awarded a peremptory writ of mandamus. This writ will be obligatory upon the mayor and aldermen composing the city council, and their successors.

4. **Same.**—Should further orders be necessary, the court will have ample means to ascertain who the city officials may be and power to take such steps as may be necessary to enforce its judgment.

ERROR from Harris. Tried below before Hon. James Masterson. The opinion states the case.

*H. F. Ring,* for plaintiff in error.

*F. F. Chew,* for defendants in error.

STAYTON, CHIEF JUSTICE.—This action was brought by appellees against appellant, a municipal corporation, to recover a sum due on coupons evidencing interest due on bonds issued by the city. The petition, after describing the coupons and the bonds to which they were originally attached, and setting out as an exhibit a copy of the bonds and the ordinance under which they were issued, alleges that the coupons are due and unpaid, and that the business of the defendant corporation is managed by a mayor and board of aldermen, who have charge of and control its financial affairs, cause its taxes to be levied and collected, and whose duty it is to provide for the payment of all its indebtedness; that the corporation is fully authorized by the Constitution and laws of the State to levy and collect a tax of sufficient amount to pay said indebtedness, and that such taxes have been actually levied for several years named, but that said corporation has appropriated the moneys collected on such tax to the payment of other indebtedness and its current expenses, and that through the default of its officers and agents a large amount of the tax remains uncollected. Plaintiffs further represent that by the terms of the charter no execution can issue against the property of said defendant corporation. Plaintiffs therefore pray for process and for judgment for their debt and interest and costs, and for a writ of mandamus to issue to the corporation, commanding it forthwith to collect the uncollected taxes to pay the judgment to be rendered, and in case the taxes or such portion of them as can be collected shall not be sufficient to pay the same, then that it forthwith levy and collect a tax sufficient to pay it.

The petition was filed August 28, 1888. On the same day the judge granted an alternative writ of mandamus as prayed for, which was endorsed on the citation. The defendant not appearing, on the 10th day of November, 1888, judgment was rendered by default for the amount of the debt, interest, and costs, and a peremptory writ of mandamus was ordered to issue to the defendants, mayor, aldermen, and inhabitants of the city of Houston, its officers, agents, and common council, in accordance with the prayer of plaintiffs' petition.

The defendants, the mayor, aldermen, and inhabitants of the city of Houston, bring the case to this court on writ of error.

The petition stated that David C. Smith was mayor and George R. Bringhurst secretary and treasurer of the defendant municipal corporation, but it did not give the names of the aldermen.

The citation directed the corporation to be summoned, stated who were the mayor and aldermen, and directed them also to be summoned. The return of the sheriff on the citation shows that it was served by delivering to the person alleged in the petition and citation to be the mayor of the corporation a true copy of the citation; and it further showed that he had in same manner summoned each of the persons stated in the citation to be aldermen.

The same objections to the citation and return are made in this case that were made in a cause between the same parties this day decided (*supra*, 282), and for the reasons therein given we are of opinion the citation and return were sufficient to authorize the judgment rendered.

The municipal corporation, as was necessary in this case, was before the court, which thus obtained power to render judgment for the sum due and to award the necessary process to enforce its judgment.

That the aldermen were named in the writ and served, although not made parties nor named in the petition, is a matter of no importance. The writ which the judgment directs to issue will be obligatory on the municipal board—city council, composed of mayor and aldermen—in office when the judgment was rendered, and on their successors.

If for failure to comply with the command of the writ directed to issue it shall become necessary to proceed against the individuals composing the city council, the court below will have ample means to ascertain who they are and power to take such steps as may be necessary to enforce its judgment. Maddox v. Graham, 2 Metc., 71; Mayor v. Lord, 9 Wall., 409; The State v. Common Council, 15 Wis., 41; Commissioners v. Bryson, 13 Fla., 286; People v. Common Council, 3 Keyes, 86; High on Ex. Leg. Rem., 337, 442, 443.

There is no error in the judgment, and it will be affirmed.

*Affirmed.*

Delivered February 25, 1890.