COMER ET AL. *v.* STATE OF INDIANA EX REL. HAUTER
ET AL.

[No. 22,757. Filed January 7, 1916.]

1. STATUTES.—*Construction—Vocational Education Law.—Duty to Make Appropriations.*—Under §12 of the vocational education law of 1913 (Acts 1913 p. 43, §66411 Burns 1914), providing that on the filing of a proper petition, together with a deposit of $500 to be

used in defraying the expenses of a county agent, the county board of education shall file such petition with the county council, "which body shall, upon receipt of such petition, appropriate annually the sum of $1,500 to be used in paying the salary and other expenses of said county agent," where the petition therein provided for has once been filed it is unnecessary to annually refile same in order to keep the statute in operation, and it is the duty of the county council to renew the appropriation annually without awaiting the receipt of a further petition. p. 220.

2.  MANDAMUS.—*Compelling Appropriation for County Agent.— Complaint.—Sufficiency.*—A complaint to mandate a county council to appropriate for the expenses of a county agent, as provided for by §66411 Burns 1914, Acts 1913 p. 43, showing that the statute had theretofore become operative in the county by the making of a former appropriation pursuant thereto, and alleging that the county council wholly failed, neglected and refused to make an appropriation, etc., must be treated in the absence of a motion to make more specific and in view of defendants' duty under the statute, as showing a demand and refusal, and hence was not insufficient for failure to specifically allege a demand for such subsequent appropriation. p. 220.

3.  STATUTES.—*Construction.—Vocational Education Law.*—The effective administration of the agricultural feature of the school system is not to be handicapped by a strict construction of the vocational education statute relating thereto. p. 221.

From Jasper Circuit Court; *Charles W. Hanley,* Judge.

Action by the State of Indiana, on the relation of Percy Hauter and others, against Stephen T. Comer and others. From a judgment for relators, the defendants appeal. *Affirmed.*

*George A. Williams,* for appellants.

*A. Halleck,* for appellees.

SPENCER, J.—This is an appeal from a judgment of the Jasper Circuit Court ordering the issuance of a writ of mandate, directed to the county council of Jasper County and commanding such council to appropriate the sum of $1,500 for the salary and expenses of a county agent for such county for the year 1915.

Omitting the formal allegations, the amended com-

plaint charges that the petitioners are resident householders and taxpayers of Jasper County; that appellants are and were members of the county council of said county and are now duly qualified and acting as such; that prior to May 22, 1913, more than twenty residents of Jasper County who were and are actively interested in agriculture filed with the board of education of said county a petition for the employment of a county agent and also made a deposit of $500 with the board to be used in defraying the expenses of such agent; that said petition was, by the county board of education, filed with the Jasper County Council before the special May meeting of the council in the year 1913; that said petition prayed said council to appropriate the sum of $1,500 to be used in paying the salary and other expenses of a county agent for the county for the ensuing year; that on May 22, 1913, the council appropriated the sum of $1,500 out of the funds of Jasper County to be used as prayed in said petition, whereupon the board of education of Jasper County applied to Purdue University for the appointment of a county agent for said county; that said Purdue University designated and appointed one O. G. Barrett as such agent and said Barrett accepted said appointment and performed the duties of said office for a period of one year and until such time as the moneys appropriated by said council were exhausted, when, on the failure and refusal of appellant council to make a further appropriation to pay for his services he resigned his office; that at the regular session of the council in September, 1914, it failed, neglected and refused to appropriate the sum of $1,500 out of the funds of Jasper County to be used for the payment of a county agent for the county for the year 1915, when, by law, it was its duty so to do; that there then was and still is money in the treas-

ury of Jasper County which can be legally appropriated for this purpose, but that no funds of the county now are or have been since June, 1914, appropriated and made available for the payment of the salary of a county agent for Jasper County.

The presented question requires for its solution a construction of part of §12 of the Vocational Education Law of 1913. Acts 1913 p. 43, §66411 1. Burns 1914. That section provides that on the filing of a proper petition, "together with a deposit of $500 to be used in defraying expenses of such agent, the county board of education shall file said petition within thirty days of its receipt, with the county council, *which body shall, upon receipt of such petition, appropriate annually the sum of $1,500* to be used in paying the salary and other expenses of said county agent". (Our italics.)

The validity of §12, *supra*, as a whole and the imperative character of the duty which it places on county councils generally were questions considered by this court in the case of *State, ex rel.* v. *Meeker* (1914), 182 Ind. 240, 105 N. E. 906, and we see no reason to depart from our conclusions reached in that case. This appeal, however, presents the further question as to whether, §12, *supra*, having once become operative in a county, it is necessary annually to refile the petition therein provided for in order to continue its operation. We do not so construe the law. The complaint shows affirmatively that a proper petition was filed with appellant council in the year 1913, and that the requested appropriation was made. It thereafter continued as the duty of said council to renew the appropriation annually and without awaiting the receipt of a further petition. This appellant council re- 2. fused to do. The contention is made that the complaint is insufficient for failing to show

that any demand was ever regularly made on appellant to make such subsequent appropriation. In the absence of a motion to make more specific, however, and in view of appellant's duty under the statute, the general charge that "at the regular September session, 1914, * * * the county council of Jasper County, Indiana, wholly failed, neglected and refused to make an appropriation," etc., will be considered sufficient to show a demand and a refusal. Agricultural education, since the adoption of the law of 1913, has become a regular and important department in the school system of the State and its effective administratio

3. should not be handicapped by a strict construction of the provisions of that law. The complaint at bar sufficiently showed a neglect by appellant council of the duties placed on it by §12, *supra*, and the evidence introduced at the trial served to sustain the finding and decision of the court. No available error being shown, the judgment of the trial court is affirmed.

NOTE.—Reported in 110 N. E. 984. As to mandamus against ministerial officers and boards, see 98 Am. St. 869; Ann. Cas. 1914 D 795. See, also, under (2) 26 Cyc 442; (3) 36 Cyc 1172.