SELL, TRUSTEE, ET AL. *v.* STATE, EX REL. ROTH.

[No. 23,341.   Filed December 18, 1919.]

1. DEDICATION.—*Deed to Township Trustee for Cemetery.*—A deed of land to a township trustee and his successors in office, to be used by the general public for a burying ground, and to be under the direction, care and superintendence of the trustees of the township, was sufficient to convey the land to the township, the establishment of suitable burial places being encouraged by public policy.   p. 673.

2. DEDICATION.—*Deed for Cemetery.*—*Acceptance by Trustee.*—*Effect.*—A township trustee's acceptance of a deed of land to him as trustee for cemetery purposes must be deemed to pass title to the township and to bind the grantors to a dedication. p. 673.

3. DEDICATION.—*Cemeteries.*—*User by Public.*—*Acceptance.*—Where land was deeded to a township trustee for use as a cemetery, the use thereof by the general public, and the care bestowed thereon by the successive trustees, made the dedication of the land, as a cemetery irrevocable.   p. 673.

4. CEMETERIES.—*Public.*—*Care and Maintenance by Township.*—Where land was deeded to a township for a public cemetery, and the deed was duly accepted, and the township has sufficient funds to pay for its maintenance without violating any limitation upon its power to incur debt, the advisory board may be compelled, under §§4438, 4438a Burns 1914, Acts 1913 p. 290, to appropriate, and the trustee to expend, funds for the maintenance thereof, under a showing that the trustee, having no appropriation for the purpose, refuses to ask the advisory board therefor, and the advisory board refuses to make any appropriation for the purpose.   p. 674.

From Huntington Circuit Court; *Eben Lesh,* Special Judge.

Action for writ of mandate by the State of Indiana, on the relation of Charles Roth, against John Sell, township trustee, and others. From a judgment for the plaintiff, the defendant appeals. *Affirmed.*

*George M. Eberhart* and *Sumner Kenner,* for appellants.

*Moffett & Roselip,* for appellee.

HARVEY, J.—This is an action by appellee for writ of mandate to compel the advisory board of Warren township, Huntington county, Indiana, to make appropriation of sufficient of the township's funds to properly care for a cemetery in said township, and to compel the township trustee to use such appropriation for that purpose.

The theory of the complaint is that §§4438 and 4438a Burns 1914, Acts 1913 p. 290, impose upon the advisory board of the township, and upon the trustee, the duty of so caring for the described cemetery. Said sections are as follows:

"4438. Abandoned Cemeteries, Care of.—1. That any cemetery located in any township, or within any city or town within such township, which cemetery is abandoned, or has been or shall be hereafter deeded to such townships, and not under the control or management of any organization or association or individual whose duty it is to care for and maintain such cemetery, shall be under the care and supervision of the township trustee of such township."

"4438a. Care and Maintenance of Cemeteries. —2. It shall be the duty of the township trustee to care for and maintain in a respectable condition, by fencing, when there is no fence, by keeping the weeds,

briars and brush mowed and cleaned up in all public cemeteries located within his township, or within any city or town located within such township, which are wholly or in part abandoned or unused and are not under the supervision of any association, organization or individual whose duty it is to care for the premises."

The questions here raised are upon the ruling of the court holding the complaint sufficient, and upon exceptions to the conclusions of law upon facts specifically found.

Though it is true the amended complaint does not allege in direct terms that the cemetery involved was deeded to the township, the complaint does allege that the ground was deeded "to Thomas Bolinger, trustee of Warren township, and to his successors in office for the uses" in the deed stated, as follows: "to be used by the general public for a burying ground. To be under the direction, care and superintendence of the trustees of said township." In view of well-established public policy, supported by decisions of nearly every state in the Union, to the effect that the establishment of suitable places for the burial of the dead shall be encouraged, we do not hesitate to hold that this deed should be construed as conveying said land to the township. It is alleged that said township trustee accepted the same. For such uses and purposes, his acceptance must be deemed to pass the title and bind the grantors to a dedication.

It is alleged that the general public has made contemplated use of the dedicated ground, and, if anything further than the acceptance of the trustee were necessary, this use by the general public and the care bestowed by successive trustees made the dedication irrevocable.

Sell, Trustee, *v.* State, ex rel.—188 Ind. 671.

The general assembly by the act above quoted imposed an obligation upon the township to be carried into effect by its trustee, and it must follow that the advisory board must furnish funds for the expense thereof.   This opinion is not to be construed as holding that a township trustee can bind the township to carry out a stipulation in a deed that such a cemetery shall be cared for at the expense of the township.   It is only intended to hold that said statute imposes such obligation on the township when the deed has been, as we here hold, made to the township.   The cemetery is alleged to be not under the control or management of any organization, association, or individual charged with the duty of caring for the same.   As we are of opinion that the cemetery was deeded to the township, we need not consider or decide whether the same is an abandoned cemetery within the purview of the statute.   The complaint alleges that the township has funds amply sufficient to pay such expenses without violating any limitation upon its power to incur debt; that the trustee has *no* fund appropriated for such purpose, and refuses to ask the advisory board therefor; that the advisory board has refused to make *any* appropriation for such purpose.

The demurrer to the complaint was properly overruled.

The facts specially found fully support the complaint, hence the exceptions to the conclusions based thereon were properly overruled.

The judgment of the trial court is affirmed.

NOTE.—Reported in 125 N. E. 402.