**BOARD OF COUNTY COM'RS OF McINTOSH COUNTY et al. v. KIRBY et al.**

No. 26607.    Oct. 1, 1935.

Roy White, Co. Atty., J. G. Harley, Ass't. Co. Atty., for plaintiff in error.

Chas. R. Freeman and B. H. Tabor, for defendants in error.

RILEY, J. The peremptory writ of mandamus awarded petitioner below commanded the board of county commissioners of McIntosh county to amend and modify the estimated needs of the county for the fiscal year ending June 30, 1936, so as to set up for the fiscal year a sum sufficient to provide for a deputy court clerk and rental for a county courtroom at Checotah.

The board of county commissioners appeal, and contend that:

"* * * The court was without power or jurisdiction to issue the alternative writ of mandamus for the reason * * * no summons has ever been issued in this cause."

The contention is without merit.

Section 734, O. S. 1931, provides:

"The motion for the writ must be made, upon affidavit, and the court may require a notice of the application to be given to the adverse party, or may grant an order to show cause why it should not be allowed, or may grant the writ without notice."

In State ex rel. Whitson v. Bd. of Com'rs, Ellis County, 65 Okla. 273, 166 P. 423, the rule is stated that:

"The alternative writ takes the place of both the petition and the summons in an ordinary civil action." Thompson et al. v. State ex rel. Cooksey et al., 25 Okla. 741, 108 P. 398; Wenner v. Board of Ed., City of Perry, 25 Okla. 515, 106 P. 821.

Moreover, in this matter there was an appearance and response. These acts constitute a waiver of issuance of the alternative writ and rule to show cause. Ellis v. Armstrong, 28 Okla. 311, 114 P. 327.

However, in the case at bar the alternative writ was issued and served, and there was no motion to quash or special appearance.

It is next contended:

"There are no proper parties plaintiff in this case so as to give the court jurisdiction to grant the alternative and peremptory writ of mandamus.

"The city of Checotah is a municipal corporation and is not a taxpayer, and it has no such legal interest in maintaining a court at Checotah as will enable it to bring or be a party to this suit for that purpose."

It may be here stated that the city of Checotah petitioned and was granted leave to intervene.

It is admitted that Ernest Kirby, as court clerk, "does have such an interest in the matter as to enable him to be a proper party plaintiff in this suit in so far as the appointment of deputy court clerks are concerned."

It is only reasonable to conclude that, since the court clerk has such an interest as would enable him to maintain the action to require provision for deputy court clerk, he likewise has such an interest as would enable him to maintain the action in so far as it related to providing a suitable place in which the deputy court clerk was expected to perform duties of his office. 18 R. C. L., sec. 273, p. 325. Therefore, it is unnecessary to determine whether the city of Checotah had such an interest as would enable it to maintain the action.

Under the third proposition is presented the question of law as to whether discretion as to the number of deputy court clerks allowed in McIntosh county is vested in the board of county commissioners.

Section 7873, O. S. 1931, provides:

"The court clerk shall have the power to appoint one or more deputy court clerks by and with the consent and approval of the board of county commissioners; one of said deputies shall be a competent stenographer, whose appointment shall be first approved by the county judge. * * *"

Section 7874, O. S. 1931, admittedly applicable to McIntosh county by reason of the population of 24,821, fixes the number of such deputies at two.

Section 4058, O. S. 1931 (S. L. 1910-11, ch. 37, sec. 3), making provision for the county court at Checotah, contemplates and provides for an official designated a deputy clerk of the county court, to be appointed by the county judge. This section reads:

"Upon the taking effect of this act, it shall be the duty of the county judge of said county of McIntosh, and he shall appoint a deputy clerk of said county court, who shall, at all reasonable hours, keep the office open at Checotah; and said clerk is hereby authorized to issue process and perform such other ministerial acts as are performed, and as are now required of clerks of the said county court of said state. Said clerk shall receive a salary of seventy-five ($75.) per month, and shall be paid in like manner as the salary of the county judge. The county commissioners shall provide suitable rooms for holding said county court."

The phrase, "by and with the consent and approval of the board of county commissioners," contained in section 7873, supra, is not involved in the facts now presented. That phrase vests no discretion in the board of county commissioners in so far as the duty to make provision for the payment of the salary of the position is concerned. That phrase does vest a discretion in the board, whereby it determines whether a nomination of an individual for appointment to the position shall be confirmed or rejected. The position created cannot be abolished by failure to provide a salary.

Under the fourth proposition presented, the desirability of maintaining the court at Checotah is discussed. It is suggested that the "horse and buggy" days are past, that there is no longer any need of a court at Checotah. However this may be, that court cannot be abolished or abandoned by failure to provide funds for its operation. The act of the Legislature which created the court made it the mandatory duty of the county commissioners to provide suitable rooms for the court. If and when there is no longer a public need for the court at Checotah, the Legislature should repeal the act creating it, and such a repeal would re-

voke the mandatory duty devolved upon the board of county commissioners to provide in their estimated needs for the court at Checotah.

The order of this court, September 9, 1935, staying execution of the writ is vacated, and the judgment is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, BUSBY, PHELPS, CORN, and GIBSON, JJ., concur. WELCH, J., absent.