

# THE ATTORNEY GENERAL

## OF TEXAS

GROVER SELLERS
~~XXXXXXXXXXXXXXXXXXXX~~D
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Peyton Burke
County Auditor
Falls County
Marlin, Texas

Dear Sir:

Opinion No. 0-5739

Re:  Can the county auditor of
Falls County legally ap-
prove the claim of the C.O.
Leuschner Estate for a re-
fund of the taxes paid by
said estate to Falls County
for the years 1914 through
1929?

　　　This is in reply to your request for opinion.  Your
said request is contained in two letters.

In your first letter you say as follows:

"On December 1, 1913 Mr. Otto Kunkel purchased
from the C. O. Leuschner Estate 46½ acres of land.
For the years 1914 through 1929 this land was ren-
dered for taxation, to Falls County, by the C. O.
Leuschner Estate and also by Mr. Otto Kunkel.

"The C. O. Leuschner Estate has filed a claim
with Falls County for refund of taxes paid by said
estate for the years 1914 through 1929.

"Can I, as County Auditor of Falls County,
Texas, legally approve the claim of the C. O.
Leuschner Estate for a refund of the taxes paid
by said estate to Falls County for the years 1914
through 1929?"

In your second letter you further say:

"I am informed that after the sale of the
property to Mr. Otto Kunkel by the Leuschner Estate,
Mrs. Leuschner, widow of C. O. Leuschner, began to
handle the affairs of the estate.  Mrs. Leuschner
continued to render, by mistake, the tract of land
that had been sold to Mr. Kunkel and paid the taxes,

when due, throughout the years.  Mr. Kunkel, the
owner of the land, also rendered same for taxes
and paid same when due.

"In other words, Mrs. Leuschner rendered
this property for taxation by mistake and paid the
taxes, when due, by mistake."

The taxes paid by the taxpayer, which have gone to
the State, or which are held by the collector for the State,
may not be rebated or repaid to the taxpayer by the tax col-
lector under any circumstances.  Article VIII, Section 6, of
the Constitution of Texas declares:

"No money shall be drawn from the treasury
but in pursuance of a specific appropriation made
by law."

With reference to the taxes due the County and paid
by the taxpayer under the mistaken belief that she owned the
property on which the taxes were paid, our understanding of
the law as laid down by the Supreme Court of Texas in the
case of City of Houston v. Feizer, 13 S.W. 266, may be brief-
ly stated as follows:

Taxes paid to a county by a taxpayer who acts under
a mistake of fact which does not arise in connection with his
own negligence may be paid back by the county.

Mistake of fact can scarcely exist in connection
with negligence; as illegalities which render such a demand
a nullity must appear from the records, and the taxpayer is
just as much bound to inform himself what the records show
or do not show as are the public authorities.

Your request for opinion does not disclose any fact
or facts which would make the taxpayer's ignorance of her
ownership of the property such a mistake of fact as would ex-
cuse her from knowing she did not own the property at the time
she paid the taxes thereon.

Of course, if she joined in the deed of conveyance
by which the property was divested out of her estate, or if
the deed by which the grantee held the land was placed of

Hon. Peyton Burke, page 3


record, her lack of knowledge, if any, of the fact that she did not own the land when she paid the taxes on same was attributable to her own negligence.

                    Yours very truly,

                ATTORNEY GENERAL OF TEXAS


                By /s/ George P. Blackburn
                            Assistant

GPB:AMM:RT

APPROVED
Opinion Committee
By:/s/ A.W.
    Chairman

APPROVED: JAN. 28, 1944

/s/ GROVER SELLERS
ATTORNEY GENERAL OF TEXAS