WERT ET AL. *v.* STATE EX REL. ANDREW

[No. 28,237.   Filed June 12, 1947.]

*Edward C. Hays,* of Marion, for appellants.

*J. Edwin Smith,* and *Willis C. McMahan,* both of Gary, for appellees.

YOUNG, J.—The police department of the City of Marion, Indiana, is organized, and operates, under our statute providing for boards of metropolitan police commissioners, and relator is one of 36 patrolmen employed in said department. Defendants are the mayor and the members of the Common Council of the City of Marion.

The Board of Metropolitan Police Commissioners of said City of Marion fixed and determined the compensation to be paid to the patrolmen for the year 1946 in the sum of $200 per month and included an amount sufficient to meet salaries at such rate in their budget and notified the defendants accordingly. The Council voted to allow compensation to patrolmen in the amount of only $180 per month and appropriated for the purpose of paying the salaries of the patrolmen a sum sufficient to pay them $180 per month and no more.

Relator caused this action to be commenced for his benefit and the benefit of all other patrolmen of said city to mandate the defendants to appropriate a sum sufficient to pay their salaries at the rate fixed by the Board of Metropolitan Police Commissioners. There was a demurrer to the complaint, which was overruled, and the cause was submitted for trial upon stipulated facts. Judgment was for the plaintiff and the defendants were mandated to appropriate a sum sufficient to pay the salaries of said patrolmen at the rate fixed by said Board of Metropolitan Police Commissioners retroactive to January 1, 1946.

The question before us is whether the Board of Metropolitan Police Commissioners has the power to fix the salaries of patrolmen, and, if so, whether the City Council may abrogate the Board's power by refusing to appropriate the money necessary to pay the full salaries so fixed.

In their brief appellants rely upon two statutes. The first is § 53, ch. 129 of the Acts of 1905, same being § 48-1407, Second, Burns' 1933, which, so far as material, reads as follows:

"The common council of every city shall have the power to enact ordinances for the following purposes:

". . .

"Second. To fix the salaries or compensation of the various officers and employes of such city, except where a different provision is made in this act: . . ."

The second statute upon which appellants rely is § 84 of ch. 129, of the Acts of 1905, same being § 48-1506, Burns' 1933. The language of this statute reads as follows:

"It shall be the duty of each executive department, at the time provided by law, to submit to the joint meeting of the heads of the departments and of the various boards, an estimate of the amount of money required for their respective departments for the ensuing fiscal year, stating with as great particularity as possible each item thereof. The controller shall at the same time submit an itemized statement or estimate of city expenditures for other purposes, for the ensuing year, over and above the money proposed to be used by the various executive departments. After such meeting, and reports and consultation, the city controller shall proceed to revise such estimates for the ensuing year, and shall then prepare a report to the mayor of the various estimated amounts required, in such controller's opinion, for each executive departments, and for other city expenses, together with an estimate of the necessary per cent of taxes to be levied. The mayor shall at the next meeting of the common council present such report with such recommendations as he may see fit. It shall be the duty of the committee of finance of the common council thereupon to prepare an ordinance fixing the rate of taxation for the ensuing year, and also an ordinance making appropriations by items for the use of the various executive departments and other city purposes for the ensuing year. Such ordinance may reduce any estimated item for any executive department, from the figure submitted in the report of the city controller, but shall not increase the same unless recommended by the mayor. . . ."

It is contended that these statutes authorized the Council to ignore the action of the Board of Metropolitan Police Commissioners with reference to salaries of Patrolmen and themselves fix same and make appropriations accordingly.

The original Metropolitan Police Board Act was passed in 1897. Acts of 1897, ch. 59, p. 90. It provided in § 2 that the superintendent, captains, officers and patrolmen of police forces organized thereunder

shall receive such compensation as the board of metropolitan police commissioners shall determine." Section 7 of said Act provides as follows:

> "It shall be the duty of the . . . common council of such city . . . to provide for payment, monthly, of the pay-rolls of the officers, members and employes of such Board of Metropolitan Police Commissioners . . ."

This court held this act to be constitutional and also held that the Cities and Towns Act of 1905, upon which appellants rely, did not repeal it. *Arnett* v. *State* (1906), 168 Ind. 180, 80 N. E. 153.

A new act, applying to cities wherein metropolitan police forces were maintained, was passed in 1911. Acts of 1911, ch. 75, p. 125. This act provided for the fixing of salaries of police officers and patrolmen and fixed the qualifications of officers and tenure of office and the manner of payment. In § 1 it authorized the Board of Metropolitan Police Commissioners to appoint a superintendent of police, captains, sergeants, detectives and such other officers and patrolmen as they may deem advisable, subject to certain restrictions as to distribution among political parties and number. Then comes the following language in § 1: "Such superintendents, captains, officers and patrolmen shall receive such compensation as the commissioners shall determine: . . .", subject to certain maximums and minimums named. This section was amended in 1913 (Acts of 1913, ch. 60, p. 117), and in 1941 (Acts of 1941, ch. 128, p. 366). In the amendments of both 1913 and 1941, the power to fix and determine the compensation to be paid patrolmen was specifically left in the Board of Metropolitan Police Commissioners. Section 1 of the Act of 1911, as amended in 1913 and 1941, will be found as § 48-6302, Burns' 1933 (Supp.). Section 2

of this Act of 1911 reads as follows (§ 48-6303, Burns' 1933) :

"It shall be the duty of the common council to appropriate a sum sufficient to pay the salaries of the metropolitan police officers and patrolmen, as determined by the board of metropolitan police commissioners, and as provided for in this act."

Under these statutes it seems to us that the Board of Metropolitan Police Commissioners had the power to fix the salaries of police patrolmen in the City of Marion for the year 1946, and that it was the statutory duty of the Common Council of the City of Marion to make appropriations and provide the money with which to pay the salaries of said policemen as fixed by the Board. The 1911 Act, with its 1913 and 1941 amendments, is inconsistent with the provisions of the 1905 Act upon which appellants rely. They are later than the 1905 Act and, therefore, supersede the 1905 Act in-so-far as fixing the salaries of patrolmen and officers of metropolitan police forces and appropriations to pay same are concerned.

It being the statutory duty of the Council to provide appropriations to pay the salaries of relator and other patrolmen of the City of Marion for the year 1946, the court did not err in mandating such action.

Judgment affirmed.

NOTE.—Reported in 73 N. E. (2d) 480.