STATE EX REL. GLENN V. SMITH, TRUSTEE, ET AL.

[No. 28,468. Filed September 28, 1949.]

600

John K. Ruckelshaus and John C. O'Connor, both of Indianapolis; Elza O. Rogers, of Lebanon; and Ruckelshaus & Ruckelshaus (of counsel), of Indianapolis, for appellant.

Russell I. Richardson, of Lebanon; and O. P. Kensinger, (of counsel), of Indianapolis, for appellees.

EMMERT, J.—This is an appeal from a judgment for the appellees entered after the appellant refused to amend the complaint to which a demurrer had been sustained. The complaint alleged that the relator was the duly appointed and acting Justice of the Peace of Washington Township, Marion County, Indiana, and that the City of Indianapolis, which is located partially within

the boundaries of said township, has a population of more than 300,000 according to the last preceding United States census, and has permanently located and sitting therein four municipal courts.

The complaint further stated that under Chapter 206 of the 1929 Acts of the General Assembly, relator was entitled to a salary of $2,000 per annum, clerk hire at the rate of $1,500 per annum, and suitable quarters for holding court, but that the advisory board and trustee refused to comply with the statute after proper demand had been made upon them. Each of the three paragraphs prayed an order of mandate, the first for relator's salary as Justice of the Peace, the second for salary for his clerk, and the third for office rent.

Appellees' brief asserts that the demurrer to each paragraph of complaint was properly sustained for the following reasons: (1) It was not shown that there were permanently located and sitting in Washington Township, three or more Municipal Courts, and (2) there is no statute supporting relator's claim for a $2,000 annual salary, clerk hire and office rent. The remaining propositions, points and authorities are too general to comply with Rule 2-18, and present no questions in this appeal.

By a general act of 1929, the General Assembly placed certain additional Justices of the Peace on a salary basis, and made provisions for appointment and pay of clerks and for furnishing suitable quarters for holding court. The provisions which govern the law in this appeal follow:

"Each justice of the peace in and for any township in this state wherein there is located a city or any part of a city having a population of three hundred thousand [300,000] or more, as shown by the last preceding United States census, and wherein are permanently located and sitting three or

more municipal courts, shall receive a salary of two thousand dollars [$2,000] per annum, payable quarterly, on the thirty-first day of March, the thirtieth day of June, the thirtieth day of September and the thirty-first day of December, out of the township treasury of such township."

§ 5-1705, Burns' 1946 Replacement (Acts of 1929, ch. 206, § 1, p. 692).

"Any such justice of the peace may appoint a court clerk whose duty it shall be to do the clerical and other work which may be necessary to enable such justice of the peace to perform his duties adequately. Such clerk shall receive for his services the sum of fifteen hundred dollars [$1,500] per annum, payable out of the township fund of such township, at the same times the salary of the justice of the peace is paid."

§ 5-1706, Burns' 1946 Replacement (Acts of 1929, ch. 206, § 2, p. 692).

"The trustee of any such township shall provide suitable quarters for such justice of the peace in which to hold court, also to furnish said court with the necessary equipment to carry out the work of such justice of the peace. The rental of such quarters shall be paid quarterly out of the township fund of such township in any amount not to exceed twelve hundred dollars [$1,200] per annum, at the same times that the salary of the justice of the peace is paid."

§ 5-1707, Burns' 1946 Replacement (Acts of 1929, ch. 206, § 3, p. 692).

Parts of the City of Indianapolis lie within Center, Wayne, Washington, Warren and Perry Townships, and it is conceded that the principal part of the city is situated in Center Township, in which township the Municipal Court of Marion County sits. The legality and constitutionality of the Municipal Court of Marion County was decided by this court in *Mosley* v. *Board of County Comrs.* (Feb. 19, 1929), 200 Ind. 515, 165 N. E. 241, and *Mosley* v. *Board of Commis-*

*sioners of Marion County* (Feb. 19, 1929), 200 Ind. 522, 165 N. E. 244. Chapter 206 of the 1929 Acts (approved March 14, 1929) was enacted after these decisions, and should be construed in the light of the factual and legal situation existing at the time of enactment. *Arnett* v. *State ex rel. Donohue* (1907), 168 Ind. 180, 80 N. E. 153, 8 L. R. A. (N. S.) 1192; *State Board of Tax Commissioners* v. *Holliday* (1898), 150 Ind. 216, 49 N. E. 14, 42 L. R. A. 826.

Section 5-1703, Burns' 1946 Replacement (Acts 1903, ch. 111, § 2, p. 207) provided that in any township containing a part or parts only less than the principal part of any city having a population of one hundred thousand or more, the justices of the peace thereof should only receive the fees and compensation received by justices in which no incorporated city or part thereof is located. We should not construe § 5-1705, Burns' 1946 Replacement, so as to reach an absurd result. *Marks* v. *State* (1942), 220 Ind. 9, 40 N. E. 2d 108. At the time of its enactment, under § 5-1701, Burns' 1946 Replacement (Acts of 1913, ch. 308, § 2, p. 834), § 5-1703, Burns' 1946 Replacement (Acts of 1903, ch. 111, § 2, p. 207), and § 65-109, Burns' 1943 Replacement (Acts of 1859, ch. 133, § 10, p. 220; Acts of 1899, ch. 71, § 1, p. 93; Acts of 1903, ch. 91, § 1, p. 177), the salary of the justice of the peace for Center Township was $2,000 per year. It was therefore unnecessary to enact § 5-1705, Burns' 1946 Replacement, to provide that the justice of the peace for Center Township receive the salary of $2,000 per year. Its purpose must have been to change the then existing law so that justices of the peace in any township in which was located any part of a city having a population of three hundred thousand or more would also receive a salary of $2,000 per year, provided there were within the city

three or more municipal courts permanently located and sitting. If it be conceded that the municipal courts are county courts, and as such subject to having the board of commissioners change the situs of such courts, the construction would be the same, for if the situs once fixed must be forever unchanging, the statute would be meaningless, since no justice of the peace for any township could then qualify. It is quite evident that the situs of the court was to be within the city, and that its location when fixed by the board of county commissioners was to be considered of a permanent nature. In view of these considerations, the relator was entitled to an annual salary of $2,000, as fixed by § 5-1705, Burns' 1946 Replacement.

There is nothing in the statutes defining the rights, powers and duties of the township trustees and the advisory boards which indicates that any of said officers were vested with a statutory discretion to defeat the plain provisions of §§ 5-1705-6-7, Burns' 1946 Replacement, by refusing to make appropriations for and to pay salary, clerk hire and rent for the court rooms. "The General Assembly may decide that certain activities of the business of government are so important that the supplying of funds to carry on these activities must not be left to the discretion of local authorities." *State ex rel. Test* v. *Steinwedel* (1932), 203 Ind. 457, 473, 180 N. E. 865.

"It is not necessary that a statute should, in direct terms, declare the duty of an officer in order to make it an imperative one. The duty may be deduced from the general provisions and scope of the statute, regard being had to the evil intended to be remedied, and the object sought to be accomplished." *State ex rel. Clark* v. *Haworth* (1890), 122 Ind. 462, 477, 478, 23 N. E. 946, 7 L. R. A. 240. "An officer may

be mandated to perform an act which the law specifically enjoins, or a duty resulting from any office. § 1245, Burns' 1926; *Flora, Trustee* v. *Brown* (1923), 79 Ind. App. 454, 138 N. E. 767; *State ex rel.* v. *Lane* (1916), 184 Ind. 523, 111 N. E. 616." *Gruber* v. *State ex rel. Welliver* (1929), 201 Ind. 280, 284, 168 N. E. 16; *Wert* v. *State ex rel. Andrew* (1947), 225 Ind. 158, 73 N. E. 2d 480.

When the General Assembly has by law fixed a salary, or where pursuant to law it has been duly fixed and determined, the appropriating body, in the absence of a statutory authorization vesting discretion in it, is not permitted to defeat the declared purpose of the General Assembly by refusing to appropriate the required amounts, and mandamus will lie to compel the appropriation. *Wert* v. *State ex rel. Andrew* (1947), 225 Ind. 158, 73 N. E. 2d 480; *Blue* v. *State ex rel. Powell* (1936), 210 Ind. 486, 1 N. E. 2d 122; *Comer* v. *State ex rel. Hauter* (1916), 184 Ind. 217, 110 N. E. 984; *State ex rel. Simpson* v. *Meeker* (1914), 182 Ind. 240, 105 N. E. 906. The disbursing officer may likewise be compelled to pay the amounts when appropriated. *Ross* v. *Chambers* (1938), 214 Ind. 223, 14 N. E. 2d 1012. In this appeal the trustee and the advisory board were properly joined to give complete and adequate relief. *Gruber* v. *State ex rel. Welliver* (1925), 196 Ind. 436, 148 N. E. 481.

The appellees have not made any objection to the action by the relator on the ground that the prayer of the second paragraph of complaint was for payment of the clerk's salary to him for his disbursement, but we note that the statute, § 5-1706, Burns' 1946 Replacement, does provide that the "clerk shall receive for his services the sum of fifteen hundred dollars [$1,500] per annum," thus indicating that the obligation under the law runs to the clerk. However,

this does not disqualify the relator from bringing an action to mandate payment to the clerk. The relator, as a justice of the peace, was directly and officially interested in having his clerk paid, and had sufficient interest to bring the action. *State ex rel. White* v. *MacGibbon* (1920), 79 Fla. 132, 84 So. 91. See also *Board of County Com'rs of McIntosh County* v. *Kirby* (1935), 174 Okla. 20, 49 P. 2d 746. "Public officers or boards of officers may maintain proceedings in mandamus to compel other officers to perform ministerial acts which come within the scope of their supervision or which are necessary to be performed in order to enable such officer or board to perform its own duty." 38 C. J. 836, § 539.

Section 5-1707, Burns' 1946 Replacement, placed a mandatory duty upon the trustee to provide "suitable quarters" for holding court, the rental for which was to be paid out of township funds not to exceed $1,200 per year. In *McDonald* v. *State ex rel. Gibbs* (1931), 202 Ind. 409, 175 N. E. 276, this court held that a township advisory board by mandate could be required to make proper orders to enable the township trustee to provide a suitable building and facilities for a joint elementary and high school for the township. Before that decision, it was held that the township advisory board could be compelled by mandamus to appropriate for the care of a cemetery, and the township trustee likewise could be compelled to care for such cemetery. *Sell, Trustee* v. *State ex rel. Roth* (1919), 188 Ind. 671, 125 N. E. 402. There was a clear legal duty under the statute to provide for "suitable quarters" which can be enforced by mandamus, although the reasonable discretion as to the location and amount of rent are not subject to control by the courts. Appellant's claim for the rent he has paid or incurred cannot be recovered in this action, but

under his prayer for "other relief" the appellees can be compelled to comply with their plain statutory duties.

Judgment reversed, with leave to appellant to amend the second and third paragraphs of complaint in conformity with this opinion.

NOTE.—Reported in 87 N. E. 2d 813.