Nov. Term,
1856.

LEYNER
v.
THE STATE.

(1) *Ante*, 96.

## LEYNER *v.* THE STATE.

An affidavit for a change of venue, assigning for cause that the judge is prejudiced, is sufficient.

But a refusal to grant a change for that reason, is not available in error unless exception be taken at the time the decision is made.

Where the evidence is not in the record, this Court cannot ascertain the number of witnesses, with a view to determine whether the costs have been properly taxed.

The overruling a motion for a new trial cannot be assigned for error, unless the evidence be in the record.

An action under the liquor law of 1853, instituted on the first of *June*, 1855, is not affected by any provision of the liquor law of 1855.

Repealing and saving clauses in an enactment of the legislature do not operate earlier than the rest of the act, though expressed in the present tense.

Exception cannot be taken in gross to several rulings, but must be taken to each at the time it is made.

Where the trial was on the 20th of *October*, and the bill of exceptions was presented and signed on the 27th, and its language, after stating several rulings of the Court, was, "To which said acts of the Court, the defendant objects and excepts," &c.,—*held*, that it is not shown that the exceptions were taken at the proper time; that the language, "objects and excepts," relates to the time of the presentment and signing of the bill, and not to the time of the trial.

The intention of the statute providing that exceptions shall be taken at the time, &c., was to prevent error, by giving the lower court a chance to review and correct its rulings.

APPEAL from the *Wayne* Court of Common Pleas.

STUART, J.—Information for selling liquor in violation of the liquor law of *March*, 1853. Trial by jury, verdict and judgment for the State, assessing the fine at one cent.

Were it not that the case involves some important questions, which are argued with great care and ability by counsel, we should feel disposed to dispatch it summarily. The errors assigned will be noticed in their order.

1. "The Court erred in refusing to grant a change of venue."

The cause assigned in the affidavit for the change, is the prejudice of the judge. The affidavit was sufficient, and the party entitled to the change, under the statute. 2 R. S. p. 370, s. 76. But the application for a change of venue was made and denied at the *June* term, 1855. No bill of exceptions was then taken to the decision of

Nov. Term, **1856.**

LEYNER
v.
THE STATE.

*Friday, January* 23, 1857.

the Court. The bill of exceptions in the record was not taken till the *October* term following. This was too late. The exception must be taken at the time of the decision. 2 R. S. p. 378.—*Hornberger* v. *The State*, 5 Ind. R. 300 (1).

2. The second error assigned is, that the Court erred in taxing certain costs against the defendant. It is insisted that, under the statute, he was not liable for the costs of more than three witnesses. As the evidence is not in the record, we cannot say that there were more than three witnesses to prove any one material fact. If he meant to contest that point, he should have embodied the evidence in the record. As it is, we must presume in favor of the ruling of the Court below in taxing the costs.

3. " The Court erred in overruling a motion for a new trial."

This error is unavailing for the same reason as the second—that the evidence is not in the record.

4. The Court erred in overruling the motion to quash. This is the chief point in the case. It is not urged that the information or affidavit is deficient in form. But it is insisted that the liquor law of 1853 was repealed when this action was instituted.

The liquor law of 1855 was approved *February*, 16, of that year. It contained a clause repealing all acts inconsistent with its own provisions; and also a clause saving pending suits under former laws. It is insisted that the repealing and saving clauses took effect upon the approval of the act in *February*, 1855. But this position is clearly untenable. It is true that the thirty-ninth section is in the present tense—that all acts are hereby repealed, and actions now pending are saved (Laws of 1855, pp. 222, 223); but this section must be taken in connection with the forty-second section, which expressly provides that the act shall take effect and be in force from and after the 12th of *June* next. *Id.* p. 223. The repealing and saving clauses, therefore, speak from that date, and not from the date of the approval.

Hence, this action instituted on the 1st of *June*, 1855, was not affected by either clause. Nor was it affected by the act of *March*, 1855; for that repealed only the first and second sections of the act of *March*, 1853. *Id.* p. 224. The action is therefore well brought and the motion to quash correctly overruled.

There is a fatal defect in the form of the bill of exceptions which might have been relied upon in brief, without noticing the errors assigned. After stating several rulings of the Court in succession, the bill proceeds, "To which said acts of the Court in, &c., the defendant objects, and excepts" &c. Exceptions are not to be thus taken in gross to several rulings: the exception must be taken to each ruling as it arises on the trial. See exceptions, 2 R. S. p. 377.

Again, the language of this bill does not import that the exception was taken at the time of the decision, as the statute imperatively requires. *Id.* p. 378. The language, he "objects and excepts," speaks as of the time the bill was signed. In this instance the trial was had on the 20th of *October*, and the record shows no objection or exception as of that date, and no reservation of time to make out the exception in form at a future day. The bill of exceptions was presented and signed on the 27th of *October*. Hence, the language, he "objects and excepts" relates to the 27th and not to the trial on the 20th. This is a fatal objection to the bill. And for the most obvious and weighty reasons. For had the attention of the lower Court been arrested at the time of the decision, by an exception, it might have seen and corrected its error, and thus saved recourse to this Court. Whereas, the exceptions coming, as we are bound to presume, for the first time on the 27th, made it too late to review many of its most important rulings. It was for this purpose—to prevent rather than increase error—that the statute said, "exception must be taken at the time," &c. It is for the same purpose that the courts must adhere to it.

*Per Curiam.*—The judgment is affirmed with costs.

*O. P. Morton, C. H. Test,* and *J. M. Wilson,* for the appellant.

*C. H. Burchenal* and *D. C. Chipman,* for the State.

(1) *Zehnor* v. *Beard, ante,* 96.