REPORTER.

---

THE EVANSVILLE AND CRAWFORDSVILLE R. R. CO. *v.* BARBEE.

SUPREME COURT.—*Appeal.*—*Act of March* 14th, 1877, *Construed.*—The terms "cases hereafter tried" and "cases heretofore tried," as used in section 2 of the act of March 14th, 1877, Acts 1877, Spec. Sess., p. 59, amending section 561 of the code, refer to the time of the taking effect of such act, which was July 2d, 1877, and not to the time of its passage or approval.

SAME.—Causes tried between the passage of such act and the time it took effect could have been appealed within a year from the latter time.

SAME.—Causes tried after the taking effect of such act can be appealed within one year from the rendition of judgment; while causes tried prior thereto could have been appealed within a year after its taking effect, not however extending the time theretofore allowed by law.

From the Vigo Circuit Court.

*J. G. Williams*, for appellant.

*A. B. Carleton* and *J. E. Lamb*, for appellee.

WORDEN, J.—The appellee in this cause has moved to dismiss the appeal, "because it appears by the record, that the judgment in the court below was rendered on the 14th day of May, 1877, and the appeal was taken on the 27th day of June, 1878."

The Evansville and Crawfordsville R. R. Co. v. Barbee.

The 2d section of the act approved March 14th, 1877, amends section 561 of the code so as to read as follows:

"Appeals in all cases hereafter tried must be taken within one year from the time the judgment is rendered; in all cases, heretofore tried, must be taken within one year from the time this act takes effect; but the time allowed the appellant, by the preexisting law, shall not be enlarged. Where the appellant is under legal disabilities, at the time the .judgment is rendered, he may have his appeal at any time within one year after the disability is removed." Acts 1877, Special Session, p. 59.

The above statute took effect July 2d, 1877.

The terms "cases hereafter tried," and "cases heretofore tried," as used in the foregoing statute, refer to cases tried after, and those tried before, some particular period of time. The time referred to in both cases must be one and the same time.

Some period of time was in the legislative mind, as indicated by the words "hereafter" and "heretofore;" and it was provided, that cases tried after that time (hereafter) must be appealed within one year from the time judgment is rendered; and cases tried before that time (heretofore) must be appealed within one year from the time the act took effect, not, however, extending the time allowed by any preexisting law.

Ordinarily, the terms "hereafter" and "heretofore," while they do not import the present time, have reference to the present, the one denoting time after, and the other time before, the present.

We think the law must be construed to speak from the time it took effect, as a will speaks from the time of the death of the testator; and that the words "hereafter" and "heretofore" have reference to that period of time.

It follows, that a case tried after the act took effect may be appealed at any time within a year after the judgment was rendered, and that a case tried before the

act took effect may be appealed at any time within a year after it took effect, so that the time allowed by any pre-existing law be not extended.    This, it seems to us, was the intention of the Legislature, as gathered from the terms of the act and the object sought to be accomplished thereby.    The leading object and purpose of this section was to limit the time within which appeals should be taken to this court to one year from the time of the rendition of judgment, instead of three years, as allowed by the former law; not, however, extending the time allowed by the former law, that is, not allowing an appeal (in cases tried before the taking effect of the act) after the expiration of the time limited for an appeal by the former law, though the year might not have expired from the taking effect of the act.

At the first glance at the statute, it might seem that the words "hereafter" and "heretofore" should be construed to refer to the time of the passage of the act, or of its introduction into the legislative body, or of its approval by the Governor; but this construction, in addition to the difficulty of determining the precise time referred to, unless it be the time of the taking effect of the act, leads to results that were clearly not contemplated by the Legislature.

If, for instance, the date of the approval of the act, March 14th, 1877, is the time to which the words "hereafter" and "heretofore" are to be referred, then cases tried before that time, not sooner barred by the former law, may be appealed at any time within a year after the act took effect; while cases tried after that time, and before the act took effect, would be barred within less than a year after the act took effect.    Thus appeals in later cases would be barred sooner than in older ones.    A case tried on the 13th of March, 1877, might be appealed at any time before July 2d, 1878, one year after the act took effect; while a case tried on the 15th of March, 1877,

judgment being rendered on that day, would be barred on the 15th of March 1878.

The construction which we place upon the statute avoids all such incongruities.

The judgment in this case was rendered on the 14th of May, 1877, and the appellant had a year from the taking effect of the act in which to appeal. His appeal was taken before the expiration of that time.

The motion to dismiss the appeal is overruled.

The above opinion was delivered at the May term, 1878; but, by request of the Supreme Court, it is reported in advance of its regular order.