STATE EX REL. HOFFMANN ET AL. *v.* MARION COUNTY ELECTION BOARD ET AL.

[No. 28,474. Filed October 25, 1948.]

*Leo M. Rappaport, Arthur J. Sullivan* and *Bert Beasley,* all of Indianapolis, attorneys for appellant.

*Scott Ging,* Marion County Attorney, *Berenice Cota Poling,* Assistant Marion County Attorney, *Cleon H. Foust,* Attorney General, *Kivett, Chambers, Vernon,* and *Kivett,* (of counsel) all of Indianapolis, attorneys for appellee.

STARR, J.—This action was brought to prohibit the Marion County Election Board from placing the name of one Scott McDonald, or any other candidate for the office of judge of the Juvenile Court of Marion County, on the ballot to be voted on at the general election to be held on November 2, 1948.

At the general election held on November 5, 1946, the appellant, Joseph O. Hoffmann, was elected judge of said Juvenile Court of Marion County and has served in that capacity since January 1, 1947. It is his contention that by this election he was elected for a term of four years beginning January 1, 1947. Appellees contend that under the Juvenile Court Act of 1945 this office must be filled for a term beginning January 1, 1949. It is admitted that unless prohibited, the said Election Board will recognize one Scott McDonald as a candidate for said office, and will place his name on the ballot to be submitted to the voters of Marion County at the general election of 1948.

The complaint proceeds on the theory that the term of the present judge of said court does not expire until December 31, 1949. Appellees filed their demurrer to this complaint, which was sustained, and upon refusal of the appellants to plead further, judgment was rendered against them from which this appeal is prosecuted.

The first ground of demurrer is that the complaint does not state facts sufficient to constitute a cause of action. The memorandum filed under this specification assigns, among other reasons, that the Juvenile Court Act of 1945, being ch. 347, Acts 1945, § 9-3101 et seq. Burns' 1942 Replacement (Supp.), repeals the Juvenile Court Act of 1941 being ch. 233, Acts of 1941, § 9-2832 et seq. Burns' 1942 Replacement. We will now consider this question.

Section 1 of said Chapter 347 of the Acts of 1945, being § 9-3101 Burns' 1942 Replacement, (Supp.), reads as follows:

"Section 1. That in every county of this state having a population of two hundred fifty thousand (250,000) inhabitants or more according to the last preceding United States census, there shall be created a special court to be known as the juvenile court.

"The judge of said court shall be known as the judge of the juvenile court and shall be elected by the qualified voters of said county at the time of the general election of state officers, to be held in the year 1948, shall hold his office for a term of four (4) years, or until his successor is elected and qualified and shall be removed from office in the same manner as the judge of the circuit court is removed: *Provided,* that in any county in this state in which a juvenile court is created and established by this Act and which county does not now have a judge of said court, a vacancy is hereby declared to exist in the office of judge of said court and the governor shall appoint such judge

and the judge so appointed shall hold office under said appointment until the first day of January, 1949, and until his successor is elected and qualified: *Provided, further,* that a successor for said judge so appointed shall be elected in the general election to be held in November, 1948: and, *Provided, further,* that nothing in this Act shall be construed to affect the term, election and/or tenure of office of any judge of any juvenile court elected under the provisions of Chapter 233 of the Acts of Indiana General Assembly, 1941, and now serving as such and such judge so elected shall be the judge of the juvenile court created by this Act in said county during the unexpired portion of the term for which he was elected and shall have and possess all the powers and duties hereby conferred on the juvenile court and the judge thereof, by this Act.

"At the time of his election, he must have been a citizen of the United States and a practicing attorney or judge for a period of at least five (5) years."

The title of this Act is as follows:

"AN ACT providing for juvenile courts defining their powers and jurisdiction, providing for the appointment of probation officers, referees and other employees outlining their duties, and authorities and specifying their compensation; providing for procedure in such courts including time and place of trial, providing for keeping records of such courts, the appointment of officers for same, fixing the term and salary of judges, the manner of election, the payment of salaries, the transfer of cases to such courts, conferring juvenile jurisdiction in certain counties in circuit and superior courts, making an appropriation, and repealing of laws or parts of laws in conflict therewith, and declaring an emergency."

At the time the foregoing act was passed there existed a juvenile court in Marion County which was created by ch. 233, § 4 of the Acts of 1941, being

§ 9-2832 Burns' 1942 Replacement. The part of said section which is applicable, for the purpose of this opinion, reads as follows:

"In every county of this state containing a city with a population of three hundred thousand (300,000) inhabitants, or more, according to the last preceding United States census, there shall be created a special court to be known as the juvenile court, which shall have jurisdiction in all cases relating to children as hereinafter provided, but said court shall not have probate jurisdiction. The judge of said court shall be known as the judge of the juvenile court and shall be elected by the qualified voters of said county at the time of general election of state officers, shall hold his office for a term of four (4) years, or until his successor is duly elected and qualified, shall be removed from office in the same manner as the judge of the circuit court is removed."

The Act of 1945 purports to create a Juvenile Court system and covers the entire subject matter of Juvenile Courts in Indiana. In this particular we approve what was said in regard to this Act in the case of *State ex rel. Gannon* v. *Lake Circuit Court* (1945), 223 Ind. 375, 61 N. E. 2d 168, particularly on pages 382, 383, and 392 of our report which reads as follows:

"As we read the present act, 'there is no difficulty in 'spelling out' from the title, taken as a whole, a single general subject,' namely juvenile courts or a juvenile court system. . . . The purpose is accomplished by creating special courts in the two largest counties and conferring upon circuit courts of the other counties juvenile jurisdiction. . . .
". . . However we regard the act as a general law. It is of uniform operation in the state and in the same category as many valid laws classifying cities or counties for purposes of local government. Until a county has a population of

250,000 juvenile jurisdiction is given to and remains in the circuit courts and in the superior courts of certain counties. See § 12. When a county attains by the last preceding census a population of 250,000 it will have a special juvenile court on the same terms as those in Lake and Marion County. . . .

"When the act was passed there was already a special juvenile court in Marion County. In general terms applying to any such situation, although only that one existed, § 1 provides that the incumbent judge of such court shall become the judge of the new Juvenile Court created by the act."

The Act of 1945 covers the entire subject matter of juvenile courts and the whole subject of the Act of 1941. It also embraces new provisions not contained in the Act of 1941 which plainly show that it was intended as a substitute for the Act of 1941. Due to these facts it necessarily repealed the Act of 1941. *Kramer* v. *Beebe* (1917), 186 Ind. 349, 115 N. E. 83.

It is our opinion therefore, the present Juvenile Court of Marion County was created by the 1945 Act and that pursuant to § 1 of that act the judge of said court must be elected at the general election to be held November 2, 1948.

It is true the present act makes no provision for the selection of a judge in Marion County to fill the period from January 1, 1947, to January 1, 1949, but this omission in no way defeats the act. Whether this period should have been filled by election as provided by § 29-4801 Burns' 1933, (Supp.), or by holding over, or by appointment by the Governor, is not before us for decision.

In view of our conclusions it will not be necessary to decide whether or not prohibition is the proper

remedy in a case of this kind. As to the availability of the writ of prohibition as a means of controlling administration or executive boards or officers see *The Board of Commissioners, & C.* v. *Spitler* (1859), 13 Ind. 235, also Note 115 A. L. R. 3.

For the reaons heretofore stated, the complaint does not state a cause of action.

Except to state that the trial court did have jurisdiction of the subject matter of this action, it will not be necessary to discuss the other grounds of demurrer interposed by appellees.

Judgment Affirmed.

O'Malley, J., not participating.

NOTE.—Reported in 81 N. E. 2d 685.