OLSZEWSKI *v.* STODOLA, ET AL.

[No. 28,497. Filed November 19, 1948. Rehearing denied December 28, 1948.]

*Geo. E. Hershman,* of Crown Point, and *Owen S. Boling,* of Indianapolis, attorneys for appellant.

*Albert H. Gavit,* of Gary, *Carl A. Huebner,* of Hammond and *Glenn D. Peters,* of Hammond, attorneys for appellees.

O'MALLEY, J.—The appellant, Auditor of Lake County, Indiana, filed a complaint under the Declaratory Judgment Act, to determine the liability of Lake County to the named appellees who are judges of various courts in that county.

The matter was placed at issue and tried, and at the conclusion of the trial the lower court determined that the judges of that county were entitled to a county allowance of $5,800 per year in addition to the basic salary in the sum of $4,800 payable by the state. The Appellate Court of Indiana affirmed the decision of the

trial court and a transfer to this court was requested and granted.

Under the Acts of 1927, ch. 11, p. 36, § 4-3203 et seq., Burns' 1946 Replacement, authority was invested in counties with specified population, and other qualifications, to grant additional compensation to their judges in a sum not in excess of $5,800 per year. Pursuant to the terms of that act, the County Commissioners of Lake County granted $5,800, the maximum under that act, as additional compensation to its judges.

In 1945 the legislature passed an act which appears at p. 656 of the Acts of 1945, being ch. 201 of said acts, § 4-3225 et seq., Burns' 1946 Replacement. This act is a re-enactment of the 1927 act but broader in its scope because it includes counties with populations not less than 130,000 while the 1927 act covered counties with populations not less than 150,000.

At the 1945 session the legislature also passed ch. 242, § 1, p. 1103; § 4-3209, Burns' 1946 Replacement, which changed the state salaries for judges of various courts from $4,200 per year to $4,800 per year. This act is an amendment of section one of an act of the 1921 legislature, but by its terms it does not amend or repeal chapters 11 or 215 of the Acts of 1927 or of any act amendatory thereof. In this act it is stated that the maximum salary for a judge of this state shall be $10,000 whether under this or any other law of the State of Indiana.

It has been contended that the 1945 amendment of the 1921 act could not amend or change the terms of the 1927 act which had governed the authority of the County Commissioners of Lake County in regard to salaries of judges. In support of that contention the appellees cite the case of *Draper* v. *Zebec* (1942),

219 Ind. 362, 37 N. E. 2d 952, 38 N. E. 2d 995. We agree with the law announced in the above citation. There the court was dealing with an amendment which dealt with matters not included in the titles of the original acts, a question not involved in the instant case. Here, we have an amendment to a statute and also a new statute covering all of some prior statutes without any reference being made thereto by title or otherwise. These acts were both passed at the same session of the legislature and it is our duty to determine the intent of the legislature, under the law, in passing both acts.

In the instant case all the acts under scrutiny involved the same subject matter, to-wit: salaries of judges. We are not concerned with the problem presented in the Zebec case, *supra.*

In *Snider* v. *State ex rel. Leap* (1934), 206 Ind. 474, 478, 190 N. E. 178, 180, it was said:

"In seeking such intent, effect must be given, if possible, to every word and clause of the act."

In *Bienz* v. *State* (1934), 206 Ind. 482, 484, 190 N. E. 170, 171, this court said:

"It is a well recognized principle of construction that all of the language used in the statute will be deemed to have been intentionally used to effect the meaning of the act."

Laws passed by the same legislature and relating to the same subject matter are in pari materia and should be construed together. *Huff* v. *Fetch* (1924), 194 Ind. 570, 576, 577, 143 N. E. 705, 707; *Starr* v. *City of Gary* (1934), 206 Ind. 196, 188 N. E. 775.

It is the duty of the court to construe statutes passed at the same session of the legislature in such

manner as to give effect and efficiency to both statutes but in case of conflict between the two acts, the last one must prevail. *Long, Mayor* v. *Kinney* (1936), 210 Ind. 192, 1 N. E. 2d 929.

In the recent case of *State ex rel. Hoffmann* v. *Marion County Election Board* (1948), ante, p. 421, 81 N. E. 2d 685, this court had before it two acts of the legislature. One of those acts was passed in the legislative session of 1941, the other was passed in the session of 1945. In that decision at p. 427, ante, p. 687 of 81 N. E. 2d, it is said:

> "The Act of 1945 covers the entire subject matter of juvenile courts and the whole subject of the Act of 1941. It also embraces new provisions not contained in the Act of 1941 which plainly show that it was intended as a substitute for the Act of 1941. Due to these facts it necessarily repealed the Act of 1941. Kramer v. Beebe, 1917, 186 Ind. 349, 115 N. E. 83."

In the instant case the independent act passed in 1945 covered the whole of the 1927 act and by its terms is even more comprehensive. It therefore became a substitute for the 1927 act, and in effect it repealed the 1927 act. The amendment to the 1921 act which was passed at the 1945 session of the legislature, and being § 4-3209, Burns' 1946 Replacement, could not be considered as affecting or not affecting the 1927 act which had already been superseded by the 1945 independent act which is § 4-3225 et seq., Burns' 1946 Replacement.

The basic questions involved in this action thus hinge on the construction to be given the two acts passed at the 1945 session of the legislature.

When both expressions of the legislature are considered together in pari materia, it appears that there

was a definite limit placed on salaries of judges by the amendment to the 1921 act, since both the approval date and the effective date of this amending act were subsequent in time to the approval date and effective date of the general act; that the earlier act is to some extent controlled by the later act; and that the amount permissible to be paid by the counties under the earlier act must of necessity be limited to the difference between the allowance made by the state in the sum of $4,800 and the maximum of $10,000 permitted to be paid under the later act.

We are of the opinion that the decision of the lower court was erroneous. The decision of the Lake Circuit Court is reversed with instructions to sustain the appellant's motion for a new trial, and since the question involved is purely legal, a retrial would be useless. The Lake Circuit Court is therefore ordered to enter judgment in conformity with this opinion.

NOTE.—Reported in 82 N. E. 2d 256.