YOUNG ET AL. *v.* STATE EX REL. SCHOOL CITY OF GARY,
LAKE COUNTY, INDIANA.

[No. 28,874. Filed February 5, 1952.]

*J. Emmett McManamon,* Attorney General; *Frank E. Coughlin* and *Thomas L. Webber,* Deputy Attorneys General, for appellants. *Frank Hamilton,* of Greensburg, Amicus Curiae.

*Bell & Bell; Ellis H. Bell* and *Harold J. Bell,* all of Indianapolis, for appellee.

PER CURIAM.—This action was commenced by appellee, relator, on its behalf and for all other school corporations similarly situated seeking a declaratory judgment to determine whether the distribution of school funds by the state to local school corporations due August 1, 1951, should be computed upon the minimum teacher's salary prescribed by ch. 224 of the Acts of 1949, §28-4332, Burns' 1948 Replacement, or whether such distribution should be computed on the basis of the minimum salary provided by ch. 293, the Acts of 1951. The issues were joined in the trial court by the complaint which alleged that such distribution should be computed on the basis of the 1951 Teacher's Minimum Salary Act and defendants' answer in one paragraph which asserted that such computation and distribution should be made on the basis of the 1949 Teacher's Minimum Salary Act. By stipulation the matter was presented upon the pleadings which were offered and read in evidence. Trial by the court resulted in a finding and judgment for appellee.

This appeal is from an action of the trial court overruling appellants' motion for a new trial, the sole

grounds asserted therein were that the decision of the trial court is contrary to law and is not sustained by sufficient evidence. The assignment that the decision of the court is contrary to law presents to this court the sole question: Should the distribution of school funds by the state to local school corporations have been computed and certified to the Auditor of State on or before July 1, 1951 on the basis of the teacher's minimum salary as fixed by ch. 224 of the Acts of 1949, §28-4332, Burns' 1948 Replacement, or should such distribution have been computed and certified on the basis of the minimum salary provided by ch. 293 of the Acts of 1951, §28-4332, Burns' 1948 Replacement (1951 Supp.). The applicable portions of §2(e) of ch. 217 of the Acts of 1951 are as follows:

"SEC. 2(e). For the purpose of providing funds for distribution of state funds to school corporations as provided in Chapter 247 of the Acts of 1949, there is hereby appropriated from the General Fund of the State of Indiana and from the State School Tuition Fund for the fiscal year 1951-1952 the sum of fifty-eight million dollars ($58,000,000) and for the fiscal year 1952-1953, the sum of sixty million dollars ($60,000,000) for the General Commission on Education. Such appropriations shall be in lieu of, and not supplemental to, the appropriation of state funds in Section 6½ of Chapter 247 of the Acts of 1949 and the appropriations herein shall include all the funds from state sources heretofore appropriated to the State School Tuition Fund and shall not be in addition thereto. . . . The funds herein appropriated, . . . *shall be distributed* to local school jurisdictions under the provisions of and *in the manner provided in Chapter 247 of the Acts of 1949*, . . . ." (The section here excepts certain requirements pertaining to what constitutes a school unit.) (Our italics.)

And further provides:

"For the purpose of carrying out the provisions of this section and the provisions of Chapter 247 of the Acts of 1949, the General Commission of the State Board of Education, on the basis of available data on enrollments and assessed valuations, shall make estimates, and whenever available appropriations will be insufficient or in excess to make a full distribution as herein provided, said General Commission of the State Board of Education shall on or before July 1 of each year, adjust the local foundation tax rates for tuition and transportation purposes upward or downward in like amount for the ensuing year.

"Any and all provisions of Chapter 247 of the Acts of 1949 which are in conflict with provisions of this Section 2 (e) shall be considered as suspended for the period for which funds are appropriated herein *but in all other respects said Chapter 247 of the Acts of 1949 shall be in full force and effect:* Provided, however, that the distribution of funds to be made on or before August 1, 1951 from funds herein appropriated *shall be made in accordance with the rules and regulations now in effect* and *the first distribution under the formula set out in this section shall be made on or before February 1, 1952.*" (Our italics.)

Ch. 293, the Acts of 1951, amends §1 and §2 of the Teacher's Minimum Salary Law approved March 10, 1949, and being ch. 224, the Acts of 1949. This Act does not in any way refer to the appropriation or distribution of school funds. It is concerned wholly with the compensation of teachers.

Since any and all provisions of ch. 247 of the Acts of 1949 which are not in conflict with the provisions of §2 (e) of ch. 217 of the Acts of 1951 are still in full force and effect, and since said §2 (e) further specifically provides that the distribution of funds to be made on or before August 1, 1951 from funds appropriated by said section shall be made in accordance

with the rules and regulations in force at the time of the passage of ch. 217, the Acts of 1951,[1] we must consider those portions of ch. 247 of the Acts of 1949 which pertain to the distribution of funds and which are not suspended by said §2(e).

The provisions of ch. 247 of the Acts of 1949 which have not been suspended by said §2(e) of the Acts of 1951 and which are here applicable are as follows:

"SECTION. 1. It shall be the purpose of this act, in accordance with the Constitution of Indiana, to promote the best interests of all the children of this state by distributing to local school corporations certain amounts of money to aid in financing a program of education to be known as *the minimum foundation program of education*. It shall be the established policy of the State of Indiana *to assist local school corporations* in making it possible for every child within such local school corporations to have access to such *minimum foundation program*. . . . The state superintendent of public instruction shall be the administrator of the provisions of this act, subject in all cases to the provisions hereof." (Our italics.)

"SEC. 2. . . . The number of units for which each corporation qualifies under this act and the *average minimum salary of the instructors of each such corporation shall be certified* by the state superintendent of public instruction to the auditor of state on or before the first day of January and the first day of July of each year *from the records of the office of the state superintendent of public instruction.*

"Distributions to school corporations as provided for herein shall be made by the auditor on or before February 1 and August 1 of each year: Provided, however, that the first distribution under this act shall be made on or before August 1, 1949, and shall be calculated on the average daily attendance, instructors, and number of units for the half school year starting February 1, 1949 without

[1] Ch. 217, the Acts of 1951 was approved March 5, 1951.

regard to tax rates levied prior thereto. Each semiannual distribution made thereafter shall be calculated on information and data for the preceding half school year. . . .

"SEC. 6. . . .

"The Commission on General Education shall make necessary rules and regulations to supplement the provisions of this act with reference to determining and verifying the names, numbers, terms, *and salaries of instructors* for the purposes of this act, the number of units for which each school corporation is entitled to payment, and *for computing the average minimum salary of all the instructors of each school corporation.* All computations of salaries *as referred to in section 2 hereof* shall be made in accordance with the terms of the minimum salary law of the state." (Our italics.)

Section 2 of ch. 247, *supra,* provided that the first distribution under said act should be made on or before August 1, 1949 and that each semi-annual distribution made thereafter shall be calculated on information and data for the proceding half school year.

It is clear from the above provisions of the act of 1949 that the semi-annual distribution of school funds to be made on August 1, 1951 must be computed on information and data for the last half of the school year of 1950-1951.[2] This computation would, of necessity, have been based upon the number of units for which each school corporation had qualified during the last half of the school year 1950-1951, and upon the average minimum salary of the instructors of each such corporation as determined by the state superintendent for such period.[3] As we have

---

[2] The school year 1950-1951 runs from August 1, 1950 to July 31, 1951.

[3] See §2, ch. 247, Acts 1949.

observed above, §6 of said ch. 247 provides that all salaries referred to in §2 of said chapter shall be made in accordance with the terms of the minimum salary law. The only salary law which was in effect at the time the Commission on General Education determined the average minimum salary of the instructors and the number of units for which each school corporation was entitled to payment for the last half of the school year 1950-1951 was the minimum salary schedule as provided by ch. 224 of the Acts of 1949. The information upon which the state superintendent based his computation contained in his certification made on May 27, 1951 to the auditor of state was, of necessity, based upon the information, data and reports furnished his office by the various school corporations for the last half of the school year 1950-1951. The only minimum salary in effect at the time such certification was made to the auditor of state was the minimum salary as provided by the 1949 Act. The state superintendent could not certify as the average minimum salary of instructors for each school corporation during the last half of the school year preceding the date of certification a salary schedule which was not in effect at the time of the certification.

The state superintendent could not be charged with duties which might arise under ch. 293 of the Acts of 1951 prior to July 1, 1951, the date when said Act took effect. A statute speaks of the date when it takes effect, and not before. *State* v. *Williams* (1910), 173 Ind. 414, 90 N. E. 754; *City of Davenport* v. *Davenport & St. P. R. Co.* (1873), 37 Iowa 624; *Thompson* v. *Independent Districts of Allison and Jackson* (1897), 102 Iowa 94, 70 N. W. 1093; *Burgess* v. *Salmon* (1878), 97 U. S. 381, 24 L. Ed. 1104; 50 Am. Jur., Statutes, §500, p. 518; 132 A. L. R. 1051.

The number of units for which each school corporation qualifies for state support under the act and the average minimum salary of the instructors of each such corporation must be certified by the state superintendent of public instruction to the auditor of state on or before January 1st and July 1st of each year, from the records of the office of state superintendent,[4] and the auditor of state, on or before February 1st and August 1st of each year, makes the distribution of funds to each of the school corporations participating, in the amounts as set out in such certification.

It would not have been possible for the state superintendent, on or before July 1, 1951, to have calculated and certified the average minimum salaries of instructors for the first half of the school year of 1951-1952. Certainly he could not have done so on information, data and records in his office on May 27, 1951.

That the Legislature intended the increase in teachers' minimum salaries to become effective July 1, 1951, which would first apply to the first half of the school year of 1951-1952 is not disputed.

It is not disputed that all the instructors in Indiana are receiving the minimum salary as provided in ch. 293 of the Acts of 1951, for the school year beginning August 1, 1951—this was what the Legislature intended. Whether the amount of funds necessary to pay the increase in minimum salaries under the new schedule is to be advanced by the local school units until the February 1, 1952 distribution, or is to be paid to such school units by the state in advance of the beginning of the school year, (and at a time when the state superintendent has no information, as to the number of teachers to be employed during the 1951-1952 school year, upon which

---

[4] Ch. 247, Acts 1949.

to base his computation for distribution) is a matter for the Legislature to determine, and is not a function of this court.

The minimum salaries of teachers and the amount and method of distribution by the state has been changed several times since 1933.

In 1943 the Legislature, as in 1951, passed an Act increasing the minimum salaries of teachers and an Act increasing the amount thereof to be paid by the state. The effective date for the operation of the new minimum salary law was August 1, 1943, but the Legislature provided (ch. 263 of the Acts of 1943) that the first distribution under the Act allocating additional state funds to the various school corporations should be made on or before February 1, 1944.

In 1945 (ch. 231 of the Acts of 1945, p. 1076) the Legislature again provided for an increase in minimum salaries and while the Act became effective August 1, 1945, it provided that the first distribution of state funds under the Act should be made February 1, 1946. Here, as in the case of the 1943 Act, the new salaries went into effect on August 1 but the appropriation covering increase in salaries was not available until February 1, 1944 and 1946, respectively.

In 1947 (ch. 358 of the Acts of 1947, p. 1438) the Legislature again increased the teachers' minimum salaries and provided for the appropriation of funds with which to pay the increases and specifically provided that the first distribution under that Act should be made August 1, 1947 on the basis of a state minimum salary schedule in effect at that time.

In 1949 (ch. 224 of the Acts of 1949) the Legislature again passed a Teacher's Minimum Salary Law which amended the salary act of 1947. This act was silent as to when the first distribution under it should be made. However, the 1949 distribution act (ch. 247) specifically

provided that the first distribution thereunder be made August 1, 1949.

The 1951 Teacher's Minimum Salary Act (ch. 293, Acts 1951) makes no mention of distribution of funds. However, the appropriation act provides (§2(e) ch. 217) that the distribution to be made August 1, 1951 "shall be made in accordance with the rules and regulations now in effect and the first distribution under the formula set out in this section shall be made on or before February 1, 1952."

It will be observed that in neither of these acts did the Legislature indicate what minimum salary schedule should be used in calculating the amount to be distributed on August 1st, 1951, but included in said §2(e) a provision similar to that contained in the 1943 and 1945 acts, under which distribution on August 1, 1943 and 1945 was made under the salary schedule in effect during the preceding half school year.

After having made specific provisions as to salary schedules in the 1947 and 1949 acts, the failure so to do in the 1951 acts together with the adoption of a provision similar to that contained in the 1943 and 1945 acts indicates a legislative intent that the August 1st, 1951 distribution be computed in the manner followed under the 1943 and 1945 acts.

Appellants contend that the salary schedule set out in the 1949 act should be used as the basis for the August 1, 1951 distribution. Ch. 247 of the Acts of 1949 pertained to the distribution of state funds in aid of teachers' compensation and specifically repealed ch. 357 of the Acts of 1947. This act also provided that the first distribution under its provisions should be made on or before August 1, 1949 and should be calculated *on the average daily attendance, instructors and number of units for the half*

*school year starting February 1, 1949,* and that "each semi-annual distribution made thereafter shall be calculated on information and data for the preceding half school year." If the first distribution under the 1949 Act was calculated on information and data for the half school year starting February 1, 1949, and if each semi-annual distribution thereafter (on February 1 and August 1 of each year) was calculated on information and data for the half school year immediately preceding the semi-annual distribution, then it must follow from the provisions of §2(e),[5] ch. 217, that the distribution of school funds due on August 1, 1951 must be calculated on information and data and under the rules and regulations in effect during the last half of the school year of 1950-1951. It will be observed that no place in §2(e) of ch. 217 of the Acts of 1951 is it provided, either specifically or by inference, that the distribution of funds under said Act to be made on or before August 1, 1951 should be made in accordance with the schedules of minimum salaries which became effective July 1, 1951. On the contrary, said section does specifically provide that the August 1, 1951 distribution from funds therein appropriated *shall be made in accordance with the rules and regulations in effect at the time the act was passed.*

Appellee contends that to compute the August 1 distribution on the basis of the 1949 Salary Act would deprive certain school corporations of large sums of money with which they might improve their educational standards and services.

---

[5] Sec. 2(e) provides "that the distribution of funds to be made on or before August 1, 1951 from funds herein appropriated shall be made in accordance with the rules and regulations now in effect. . . ."

The appropriation of funds in aid of local schools and the fixing of educational standards is a function of the Legislature—not of the courts. Our function is to interpret laws, not to make them or extend their scope and meaning beyond that intended by the Legislature.

By making specific provisions for the application of salary schedules in the 1947 and 1949 Acts, the Legislature not only exercised its power to provide funds for local school aid but demonstrated that it was capable of saying specifically and definitely what salary schedule should be used for the August 1st distribution. No such specific instructions and directions appear in either the salary or appropriation act of 1951. The Legislature did not say, (in 1951) as they did in 1947, that the first distribution under this Act shall be made on August 1st, 1951, on the basis of the salary schedule in effect at that time. Why? The 1951 Salary Act, as has already been pointed out, is silent on this question. The Appropriation Act (ch. 217) provides that the distribution of funds to be made on August 1st, 1951, shall be made in accordance with the rules and regulations now in effect, and the first distribution under the formula set out in this section shall be made on or before February 1, 1952. Appellee further contends that this proviso does not apply to the salary schedule to be used as the basis for computation of the amount to be distributed on August 1st, 1951. We think the Legislature did so intend. When it mentions rules and regulations now in effect it can, as here used, mean only the rules and regulations used in determining the names, numbers, terms and *salaries of instructors* "for the purposes of this act,"[6] for the use of the state superintendent in certifying the number of units for

---

[6] Sec. 6, ch. 247, Acts 1949.

which the corporation qualifies and the average minimum salary of the instructors.[7]

The Appropriation Act (ch. 217) which was H. B. 2, was passed by the House on February 22, 1951,[8] and by the Senate on February 28, 1951,[9] and approved March 5, 1951. The Salary Act (ch. 293) which was H. B. 318 was passed by the House on February 26, 1951,[10] and by the Senate on March 3, 1951,[11] and approved March 7, 1951. Hence, when the Legislature enacted the provisions for distribution as set out in §2(e) they could have had only one intention relative to the salary schedule to be used in making the distribution due on August 1st and that was, of necessity, the 1949 schedule, because it was the only minimum salary schedule in existence at the time the proviso, concerning the August 1st, 1951, distribution,[12] was enacted. Since this provision was not altered in the Salary Act, where the Legislature had an opportunity to change the proviso in the appropriation act and make specific provision for the use of the new schedule of minimum salaries, as it did in the 1947 Salary Act, if it so desired, but inasmuch as it did not do so we must, therefore, assume that the Legislature intended the 1949 salary schedule to apply to the August 1st distribution. If it had intended otherwise, it should have said so as it did at other times when it so intended.

It may be said that the funds provided by §2(e) of said ch. 217 is an appropriation for support in aid of

---

[7] Sec. 2, ch. 247, Acts 1949.

[8] Indiana House Journal 1951, p. 755.

[9] Indiana Senate Journal 1951, p. 703.

[10] Indiana House Journal 1951, p. 881.

[11] Indiana Senate Journal 1951, p. 811.

[12] See §2(e), ch. 217, Acts 1951.

local school corporations for the fiscal year 1951-1952. This is true. However, it differs from the usual legislative appropriations in that it is in aid of a minimum program of education[13] and is administered by the state superintendent of public instruction. The distribution is calculated on information and data (the experience and expenditures of the several school corporations) for the preceding half school year.[14] It will be observed that the appropriation of funds is not by specific amounts, or a certain fixed percentage of the total amount, to each school corporation but the amount to be distributed to the various local units is based upon the experience in expenditures for the preceding half school year and is thus in the nature of a reimbursement for money expended in maintaining the minimum program of education, unless otherwise specifically provided by statute.

The 1951 Teacher's Minimum Salary Act and said §2(e) of ch. 217 (the Appropriation Act) are not in conflict and may be construed together. It is clear from a consideration of the provisions and operations under former similar acts and from a careful consideration of said §2(e) of said ch. 217, together with ch. 293 of the Acts of 1951, that the Legislature intended that all school teachers in Indiana should be paid the minimum salaries provided under said ch. 293 of the Acts of 1951 beginning with the school year 1951-1952.

That all teachers who were employed for the school year 1951-1952 and started the school term in September, 1951, are now receiving a minimum salary based upon the schedule set out in the 1951 Teacher's

---

[13] Sec. 1, ch. 247, Acts 1949.

[14] Sec. 2, ch. 247, Acts 1949.

Minimum Salary Act. is not disputed. The intent and purpose of the Legislature as expressed in this Act (ch. 293, Acts 1951) has then been fulfilled and accomplished.

It is likewise clear that the Legislature made pro-vision for the payment of the increased minimum salary provided by said ch. 293 by providing in said §2(e) that the first distribution under the formula set out in the 1951 Appropriation Act should be made on February 1, 1952, and by further providing that any and all provisions of ch. 247 of the Acts of 1949 which are not in conflict with said §2(e) shall continue in full force and effect. Since the provision of the 1949 Act which provides that the subsequent semi-annual distributions shall be calculated on information and data for the preceding half school year is not in conflict with any of the provisions of said §2(e), the distribu-tion to be made under said section on February 1, 1952 must be governed by this provision of the 1949 Act; and since the computation for the distribution to be made on February 1, 1952 must be based on information, data and reports for the half school year preceding February 1, 1952, which computation must include the number, terms and salaries, and the number of units for which each school corporation is entitled to payment[15] for the period of August 1, 1951 to January 1, 1952, such information, data and calculations will include and be made in accordance with the minimum salary which became effective July 1, 1951. The school corporations will, in the distribution to be made February 1, 1952, receive an amount based and calculated upon the average minimum salaries provided for and paid by them to teachers employed between August 1, 1951 and January 1, 1952.

---

[15] Sec. 6, ch. 247, p. 833, Acts of 1949.

It is our opinion that the Legislature has not only specifically said that the foregoing was the procedure which should be followed, but such an intent is readily evident from a full consideration of all the statutes involved. We do not believe that the Legislature intended the school corporations of the state to receive school funds on August 1, 1951, based upon an amount calculated on the average daily attendance, instructors and number of units for the last half of the school year of 1950-1951, but on the basis of a minimum salary which did not become effective until July 1, 1951. The Legislature clearly intended that the new salary schedule should first apply to the 1951-1952 school year and this intention is clearly indicated by the express provision that the first distribution under the 1951 Appropriation Act should be made on or before February 1, 1952, and by the fact that those provisions of the 1949 Act, which require the distribution on February 1, 1952 to be made on information and data covering the first half of the 1951-1952 school year, were continued in full force and effect.

Based upon the foregoing, we are of the opinion that the semi-annual distribution of school funds to have been made August 1, 1951, should have been made in accordance with the rules and regulations of the Commission on General Education in effect on March 5, 1951, and calculated on information and data for the last half of the school year 1950-1951 and, in determining the amount of money to be disbursed on said date, teachers' minimum salaries should have been computed in accordance with the provisions of ch. 224 of the Acts of 1949.

Since there is only a question of law here involved, no good purpose can be served by the granting of a new trial. The judgment of the trial court is, therefore, reversed with instructions to change its finding

and judgment to conform to this opinion, and the clerk of this court is ordered to transmit a copy of this mandate to the clerk of the Marion County Superior Court forthwith.

NOTE.—Reported in 103 N. E. 2d 431.