COMBS, AS AUDITOR OF THE STATE OF INDIANA
ET AL. *v.* COOK.

[No. 29,638. Filed June 18, 1958.]

*Edwin K. Steers,* Attorney General, *Harriette Bailey Conn,* Deputy Attorney General, and *J. R. Arnold,* of Fort Wayne, for appellants.

*W. O. Hughes* and *Dan C. Flanagan,* both of Fort Wayne, for appellee.

BOBBITT, C. J.—This appeal arises out of an action for a declaratory judgment to determine the salary of

appellee as County Assessor of Allen County for the calendar year 1958. The justiciable issue is furnished by certain provisions of ch. 319 of the Acts of 1957.

Chapter 27 of the Acts of 1955 created a County Officers' Salary Study Commission to make a survey of the compensation received by several county officials in Indiana, and report its findings and recommendations to the 1957 session of the Indiana General Assembly, together with suggested legislation in bill form prescribing and fixing compensation for all county officials in the State.

In accordance with the mandate of such ch. 27, *supra*, the Commission, after a thorough study, made its report as provided in the Act, and caused to be prepared and introduced Senate Bill No. 41 to put into effect its recommendations. This bill, with certain amendments which are the subject of this action, became Chapter 319 of the Acts of 1957.

As a part of the plan of adjustment of the compensation paid county officials, Senate Bill No. 37 was introduced and enacted as Chapter 318 of the Acts of 1957. This Act amended the Inheritance Tax Act of 1931, as amended,[1] and provides that certain fees formerly payable to the county assessors shall, after the effective date of the Act, be paid into the general fund of the county. Chapter 318 also includes the amount of inheritance tax fees to be charged, authorizes the court to fix fees for appraisers other than county assesors, provides for a reappraisal and makes other changes in the inheritance tax laws which we need not here mention. This Act makes no reference whatever to the compensation of county assessors.

---

1. Acts 1931, ch. 75, as amended, the parts here pertinent being §§ 7-2407, 7-2408, 7-2409, and 7-2412(a).

Both Chapters 318 and 319, *supra,* as reported by the Senate Committee, would have become effective January 1, 1959,[2] but the effective date of each was changed by amendment on the floor of the Senate to January 1, 1958.[3]

Section 3 of ch. 319, *supra,* provides as follows:

"SEC. 3. The annual salaries fixed by this act shall be in full for all services and in lieu of all fees, per diems, penalties, fines, interest, costs, forfeitures, commissions, percentages, allowances, mileage, and any and all other remuneration whatsoever for official services or involving official authority except as herein otherwise provided. Such salary shall be paid in twelve (12) equal monthly installments. County officers shall be entitled to all fees earned by them prior to the effective date of this act regardless of when paid."

Section 16 of ch. 319, *supra,* provides as follows:

"SEC. 16. It is the intent of this act that all fees, per diems, penalties, costs, interests, forfeitures, percentages, commissions, allowances, mileage, and any and all other remuneration of whatever kind or character now received by all officers included in this act for official services, or involving official authority, except as herein otherwise provided, shall be collected, accounted for and paid into the County General Fund: Provided, That nothing in this act contained shall be construed as an abolition of the fees allowed by law to sheriffs for the feeding of prisoners."

Both Sections 3 and 16, *supra,* were enacted in the exact form in which they were introduced in the Senate.

Chapter 319 was amended on the floor of the House by inserting Section 17 as it appears in the enrolled Act,[4] as follows:

2. 1957 Senate Journal, pp. 172, 179.
3. 1957 Senate Journal, pp. 327, 320.
4. See 1957 House Journal, p. 710.

"SEC. 17. Any provision for salary as prescribed in this act which operates to increase the salary of any county official in a county in classes 1 and 2 shall become operative as of the effective date hereof. Any provision for any salary, as prescribed in this act, for any county official shall not apply to any county official in classes 1 and 2 during his present term of office, if such provision should operate to decrease the aggregate sum now received by such official from salary, fees and other emoluments, and such official shall continue to receive, during his present term of office the salary, fees and emoluments as now prescribed by law, unless said official should elect to come under the provisions of this Act."

The Senate concurred in the House amendment. Under these circumstances it seems clear that the intent of the Legislature, by the adoption of this amendment, was to prevent the reduction of the compensation of certain county officials during the term of office for which they were elected. This is a reasonable provision when it is considered that these certain officials knew the amount of compensation of the office when they became candidates therefor, and they had the right to expect that the Legislature would not reduce it during their term.

Appellants assert that "as now prescribed by law" as used in §17, *supra,* refers to the time of the taking effect of the Act (ch. 319, *supra*), and since ch. 318, *supra,* became effective on the same date as ch. 319, *supra,* the fees and emoluments referred to in §17, *supra,* are no longer available as compensation for county assessors since, by the provisions of ch. 318, *supra,* all inheritance tax fees must be paid into the County Treasury. Such a construction would make the provisions of §17, *supra,* inoperative as they apply to county assessors in classes 1 and 2.

It is not to be presumed that any part of an Act is meaningless and without a definite purpose. If possible, effect must be given to every word and clause used in the Act. *Olszewski* v. *Stodola* (1948), 226 Ind. 639, 643, 82 N. E. 2d 256; *Garvin, Rec.* v. *Chadwick Realty Corp.* (1937), 212 Ind. 499, 506, 9 N. E. 2d 268.

Our duty here is to ascertain the intent of the Legislature as shown by the entire Act, each section being considered with reference to all the other sections, and the apparent motive for the addition of §17, *supra,* on the floor of the House, may be considered in determining such intent. *State ex rel. Rogers* v. *Davis* (1952), 230 Ind. 479, 482, 104 N. E. 2d 382; *J. Wooley Coal Co.* v. *Tevault* (1918), 187 Ind. 171, 182, 118 N. E. 921, 119 N. E. 485; *McKee et al.* v. *Hasler et al.* (1951), 229 Ind. 437, 449, 98 N. E. 2d 657; *Walgreen Co.* v. *Gross Income Tax Div.* (1947), 225 Ind. 418, 421, 75 N. E. 2d 784, 1 A. L. R. 2d 1014.

The legislative intent as ascertained from the Act as a whole will prevail over the strict literal meaning of any word or term used therein. *Brown* v. *Grzeskowiak* (1951), 230 Ind. 110, 129, 101 N. E. 2d 639, 102 N. E. 2d 372; *City of Indianapolis* v. *Evans* (1940), 216 Ind. 555, 567, 24 N. E. 2d 776; *Zoercher* v. *Indiana Associated Telephone Corp.* (1937), 211 Ind. 447, 454, 7 N. E. 2d 282.

With the foregoing rules as our guide, we now proceed to determine the ultimate effect of the provisions of §17, *supra,* when considered with the provisions of other sections of ch. 319, *supra,* and the effect, if any, of ch. 318, *supra.*

The purpose of ch. 319, *supra,* is to fix a definite compensation for all county officers named therein. Chap-

ter 318, *supra,* as we have already indicated, has nothing whatever to do with the fixing of salaries. Hence, we find no conflict between the two Acts on the measure of compensation to be paid county officials, nor is there necessarily any conflict in the disposition of inheritance tax fees in Allen County for the calendar year of 1958, as will presently appear. However, if, as appellant asserts, there is an apparent conflict between the two statutes, it is our duty, if possible, to so construe them as to give full force and effect to both. *Ross, Trustee v. Chambers* (1938), 214 Ind. 223, 226, 14 N. E. 2d 1012.

Laws passed at the same session of the Legislature relating to the same subject-matter must be construed in *pari materia. Starr* v. *City of Gary* (1934), 206 Ind. 196, 200, 188 N. E. 775; *Olszewski* v. *Stodola, supra* (1948), 226 Ind. 639, 643, 82 N. E. 2d 256.

Section 17 of ch. 319, *supra,* is a limitation upon, and provides certain exceptions to Section 18 of ch. 319, *supra,* which provides that the Act shall be in full force and effect on and after January 1, 1958.

The first sentence of §17, *supra,* provides that where any provision of the Act *increases* the salary of any county official in a county in classes 1 and 2, it shall *become operative* on the effective date of the Act. However, the next sentence specifically provides that *no* provision of the Act shall apply to any county official in classes 1 and 2, *during his present term of office,* if it decreases the aggregate sum *now received* by such official, unless he should elect to come under the new salary schedule as provided in the Act. Allen County is in class 2, and appellee has not elected to come under the new salary schedule.

The provision for the salary of the county assessor in class 2 counties, as it appears in §8 of the Act, is less than the aggregate sum that appellee received in each of the first three years of his term of office and is less than he would receive in 1958, the last year of his present term of office, if his aggregate compensation is measured by the provisions of §13, ch. 246 of the Acts of 1949, being §49-1041, Burns' 1951 Replacement, and ch. 285, §1 of the Acts of 1937, and ch. 230, §1 of the Acts of 1949, being §§7-2407 and 7-2408, Burns' 1953 Replacement.

We concur in the statement in appellant's brief that "the function of Section 17 is to except a certain class of officers from the operation of other provisions of the statute upon the occurrence of the contingency spelled out in Section 17." The situation here presented, in our opinion, places appellee squarely within the aforementioned exception contained in §17, *supra,* of the Act.

A statute speaks from the date it takes effect. *The Evansville and Crawfordsville R. R. Co.* v. *Burbee* (1878), 59 Ind. 592; *Young* v. *State ex rel. School City of Gary* (1952), 230 Ind. 315, 323, 103 N. E. 2d 431; Sutherland Statutory Construction, 3d Ed., Vol. 1, §1605.

Appellant asserts that since a statute speaks from its effective date the word "now" as used in §17, *supra,* refers to the time of the taking effect of the Act and relies upon *Leyner* v. *The State* (1856), 8 Ind. 490, and *McHale* v. *Board, etc.* (1913), 180 Ind. 390, 394, 103 N. E. 321, for support. These cases were correctly decided upon the facts there presented, and we concur in the statement of this Court in *McHale* v. *Board, etc., supra* (1913), 180 Ind. 390, at page 394, 103 N. E. 321, 323, as follows:

"That part of this proviso which is material reads as follows: 'The increase in licenses provided for in this act shall not apply to any license now in force, until the expiration of the time for which such license was granted.' The term 'now in force' manifestly has reference, in the matter of time, to the time of the taking effect of the act."

The word "now" is also used in §16 and in two other places in §17, *supra*. It seems logical to assume that the phrases "now received" as used in §16, *supra*, and "now received" and "now prescribed by law" as used in §17, *supra*, were used in the same sense and were intended to refer to the same point of time. Unless the admitted exception to §§3 and 16 as it appears in §17, *supra*, is to be made an absurdity and meaningless, the phrase "now received" as it appears in §§16 and 17, *supra*, and the phrase "as now prescribed by law" as found in §17, *supra*, can only mean the aggregate sum of remuneration received by appellee and prescribed by law for his office *up to and until ch. 319, supra, became effective.*

The legislative history of §17, *supra*, is too significant for us to ignore. As has already been stated, §17, *supra*, as it appears in the published Acts, was added by amendment on the floor of the House. The Senate concurred in the House amendment. It is difficult to imagine a clearer expression of legislative intent.

It was the clear intention of the Legislature that the salary schedules as fixed by ch. 319, *supra*, should not apply to any county official in classes 1 and 2 *during his present term of office,* if such schedules would decrease the aggregate sum he was receiving under the statutes which prescribed his aggregate annual compensation, prior to the taking effect of ch. 319, *supra*, unless he elected otherwise.

The fact that on and after January 1, 1958, all inheritance tax fees must be paid into the County Treasury[5] does not prevent appellee from receiving an aggregate compensation for the calendar year 1958, measured by and fixed in the total amount he would have received had Chapters 318 and 319, *supra,* never been enacted.

For the reasons above stated, appellee, failing to elect to come under the provisions of ch. 319, *supra,* must be paid from the general fund of the county as his aggregate compensation for the calendar year 1958 an amount measured by and equal to the salary and fees he would have received under Acts 1949, ch. 246, §13, being §49-1041, Burns' 1951 Replacement, and Acts 1937, ch. 285, §1, being §7-2407, Burns' 1953 Replacement, Acts 1949, ch. 230, §1, being §7-2408, Burns' 1953 Replacement, had they been in effect during the calender year 1958, thus giving effect to both Chapters 318 and 319, *supra.*

The judgment is reversed as to the manner of payment and affirmed in all other respects, with instructions to restate such of the judgment as is necessary to provide that appellee be paid in accordance with this opinion.

Landis, Achor, Arterburn and Emmert, JJ., concur.

NOTE.—Reported in 151 N. E. 2d 144.